# STATE FARM MUTUAL AUTOMOBILE INS. CO.
## v. Dale H. CARTMEL

5-5472                                    463 S. W. 2d 648

Opinion delivered March 1, 1971

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellant.

*Wootton, Lands & Matthews,* for appellee.

Frank Holt, Justice. This is an appeal from a declaratory judgment holding an exclusionary clause void in a policy issued by appellant and requiring appellant to defend appellee and to pay, up to its policy limits, any judgment that may be returned against appellee in an action currently pending before the circuit court. For reversal, appellant contends that the trial court erred in holding the exclusionary clause void. We think appellant is correct.

Appellee was driving an automobile owned by Howard and Faye Owens. The car was involved in a collision in which Mrs. Owens, riding as a passenger, allegedly sustained serious injuries. It is undisputed that at the time of the accident Mrs. Owens was a named in-

sured in one of appellant's policies of liability insurance and that appellee, since he was driving with the permission of Mrs. Owens, was also an insured by the terms of the policy. Mrs. Owens instituted suit against appellee to recover money damages for her injuries. Appellant declined to defend and denied any obligation to pay because of an express exclusion in its policy which states:

> This insurance does not apply * * * (i) . . .to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured.

Appellee thereupon brought an action for declaratory judgment to define the rights and obligations of the respective parties. In his pleadings, appellee asserted that the above policy exclusion is violative of Ark. Stat. Ann. § 75-1466 (Supp. 1969) and § 66-3211 (Repl. 1966) and that it is contrary to public policy and void.

We need not belabor a discussion of the relevance of § 75-1466 to the present circumstances. That statute is part of our Motor Vehicle Safety Responsibility Act which, as we have already had occasion to note, "has no application whatever to an insurance policy which has not been used as proof of financial responsibility in the future." *Aetna Casualty & Surety Co.* v. *Simpson*, 228 Ark. 157, 306 S. W. 2d 117 (1957). In the case at bar, as in the cited case, nothing appears in the pleadings to indicate that the policy had been used for that purpose.

Likewise, we find no merit in appellee's argument that the exclusionary clause is violative of § 66-3211 which provides in part:

> Insurance contracts shall contain such standard or uniform provisions as are required by the applicable provisions of this code . . .

Appellee's position, as we understand it, is that a particular policy provision is to be considered "standard" within the meaning of the statute if, as a matter of proof, such a provision was recognized as standard at the

time of the enactment of the statute. Appellee adduced testimony from a qualified insurance agent that the contested exclusionary provision was not included in the standard automobile insurance policy at the time of enactment of Act 148 of 1959 which contains § 66-3211. However, the provision, according to the agent's testimony, could be found in "substandard" policies at that time; and appellee therefore concludes that the policy offends the statute.

Section 66-3211 is self-explanatory. The standard provision which must be included in insurance contracts are those "required by the applicable provisions of [the] code." An examination of the code discloses no requirement that the named insured not be excluded from coverage for his own bodily injury. Furthermore, the policy form containing the exclusionary clause in question has been expressly approved by the Arkansas Insurance Commissioner, and appellee readily admits that most automobile insurance policies issued in this State and approved by the Commissioner also contain similar clauses.

These exclusionary clauses were designed and are approved to protect the insurance companies from collusive claims. Although they are quite far reaching and at times appear to have unfortunate effects, such clauses, absent statutory strictures to the contrary, are generally enforced according to their terms. See 7 Appleman on Insurance § 4409 and 7 Am. Jur. 2d Automobile Insurance §§ 127—129. Certainly we cannot say that such a widely accepted clause is against public policy.

The judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion.