## Benjamin Cole LUCKY *v.* EQUITY MUTUAL INSURANCE CO.

76-7                                        537 S.W. 2d 160

### Opinion delivered June 1, 1976
[Rehearing denied June 28, 1976.]

*Spencer & Spencer,* for appellant.

*Shackleford, Shackleford & Phillips,* for appellee.

CONLEY BYRD, Justice. Involved on this appeal is whether a renewal certificate of automobile liability insurance or an endorsement covering a substitute vehicle constitutes insurance "delivered or issued for delivery" within

the meaning of the Uninsured Motorist Statute, Ark. Stat. Ann. § 66-4003 (Repl. 1966). The trial court held that a written rejection of uninsured motorist insurance by appellant Benjamin Cole Lucky on January 5, 1966, was an effective rejection through the 16th six months renewal of the policy on January 5, 1973, and awarded summary judgment to appellee Equity Mutual Insurance Co.

The record shows that prior to January 5, 1966, appellant carried uninsured motorist insurance on his 1960 Ford pickup. On that date he signed a rejection of uninsured motorist insurance and was issued automobile liability insurance by appellee, Policy No. AF 701684, for the period "from 1-5-66 to 7-5-66 12:01 A. M." Thereafter, appellee issued a renewal certificate every six months which would extend appellant's coverage upon the payment of the premium for an additional six month period. Each renewal certificate identified the automobile liability insurance as being Policy No. AF 701684. Effective October 1, 1971, appellee issued a non-premium endorsement showing that Policy No. AF 701684 had been extended to cover a 1964 Ford pickup that was substituted for the 1960 Ford pickup in the original policy. On July 3, 1973, appellant received injuries in an automobile collision with an uninsured motorist. When appellant brought this action under the uninsured motorist provision of his wife's policy and his own policy, the appellee countered with a motion for summary judgment, which the trial court granted because of the 1966 written rejection.

Our Uninsured Motorist Statute, Ark. Stat. Ann. § 66-4003 (Repl. 1966) provides:

"No automobile liability insurance, covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in not less than limits described in section 27 of Act 347 of 1953 [§ 75-1427], as amended, under provisions filed with and approved by the Insurance Commissioner, for the protection of persons insured thereunder who are

legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage."

The non-premium endorsement effective October 1, 1971, falls literally within the meaning of the uninsured motorist statute, *supra*. That endorsement provided liability insurance coverage that had not previously existed on that vehicle "arising out of the ownership, maintenance or use . . . with respect to any motor vehicle registered or principally garaged in this State." The automobile insured by that endorsement was, at the time owned by appellant, to be registered or principally garaged in this State, and by the terms of policy No. AF 701684, the existing liability insurance would not have applied to the 1964 model truck without insurance having been "delivered or issued for delivery in this State."

Our interpretation of the uninsured motorist statute here follows the statutory construction rule that where the enacting clause of a statute is general in its language and purpose, a proviso subsequently following should be construed strictly so as to exempt no cases from the enacting clause which do not fairly fall within its terms, *McRea v. Holcomb*, 46 Ark. 306 (1885). To accept the construction which appellee would have us place on the uninsured motorist statute would permit one rejection to be effective for any and every automobile that might be substituted by the insured for the original vehicle. Such a construction should not be placed upon a public policy statute that expects uninsured motorist coverage to be issued or rejected any time automobile liability insurance is "delivered or issued for delivery in this State."

Since the above disposes of the question of the validity of the 1966 written rejection and the trial court did not rule upon a rejection made subsequent to the effective date of Ark. Acts of 1969, No. 333, we do not and need not reach the issue of whether a renewal certificate constitutes liability insurance "delivered or issued for delivery" in this state. Furthermore,

neither party has discussed the effect of Ark. Acts of 1969, No. 333 upon that issue.

Appellant suggests that we should overrule our holding in *Holcomb* v. *Farmers Ins. Exchange,* 254 Ark. 514, 495 S.W. 2d 155 (1973). We find no merit in this contention. The construction there given to the uninsured motorist statute has become as much a part of the statute as the words of the General Assembly, *Merchants' Transfer & Warehouse Co.* v. *Gates,* 180 Ark. 96, 21 S.W. 2d 406 (1929). Furthermore, even if we should reconsider our holding in *Holcomb, supra,* the reconsideration could not be applied retroactively to appellant since it involves a matter of contract, *Hare* v. *General Contract Purchase Corp.,* 220 Ark. 601, 249 S.W. 2d 973 (1952).

Reversed and remanded.