ARDEN E. HERRICK AND PAUL D. HERRICK, APPELLANTS,
v. LIBERTY MUTUAL FIRE INSURANCE COMPANY,
A FOREIGN CORPORATION, ET AL., APPELLEES.

274 N. W. 2d 147

Filed January 17, 1979. No. 41753.

Warren C. Schrempp and Thomas G. McQuade of Schrempp & McQuade, for appellants.

D. Nick Caporale and Michael A. Nelsen of Schmid, Ford, Mooney, Frederick & Caporale, for appellee Liberty Mutual.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

BOSLAUGH, J.

This is a suit on the medical expense and uninsured motorist coverage provided by an automobile liability insurance policy issued by the defendant, Liberty Mutual Fire Insurance Company, to Arden E. Herrick and Betty J. Herrick, the parents of the plaintiff, Paul D. Herrick. The policy insured a 1963 Chevrolet automobile owned by the named insureds.

The plaintiff was injured on July 7, 1975, when the 1973 Kawasaki motorcycle which he owned and was operating was in collision with a 1973 Dodge automobile owned by Dorothy L. Cowell and being operated by Jeannine G. Harvey. There was no liability insurance on the 1973 Dodge automobile at the time of the accident and Jeannine G. Harvey was an uninsured motorist.

The plaintiff appeals from an order sustaining a general demurrer of the defendant insurance company and dismissing the action as to that defendant.

With respect to the claim under the medical expense coverage, the policy provided coverage to the named insured or a relative "while occupying the owned automobile." Since the accident occurred while the plaintiff was occupying an owned vehicle which was not "the owned automobile" described in the policy, the medical expense coverage was not applicable. The plaintiff does not contend otherwise in this court.

With respect to the uninsured motorist coverage, the policy contained the following exclusion: "Exclusions This policy does not apply: * * * Under the Uninsured Motorists Coverage, (q) to bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by the named insured or by any person resident in the same household who is related to the named insured by blood, marriage or adoption, or through being struck by such a vehicle; * * *."

In Shipley v. American Standard Ins. Co., 183 Neb. 109, 158 N. W. 2d 238, the plaintiff was operating an uninsured motorcycle when he was injured in a collision with another motorcycle operated by an uninsured motorist. We held that the plaintiff could not recover under the uninsured motorist coverage of a policy which insured a Chevrolet automobile owned by the plaintiff and excluded coverage for "bodily injury to an insured while occupying an automobile

(other than an insured automobile) owned by the named insured * * *." We said: "An uninsured motorist endorsement should be interpreted in light of statutory requirements concerning victims of negligent and financially irresponsible motorists. 'The uninsured motorist on the highway is a real risk.' Stephens v. Allied Mut. Ins. Co., 182 Neb. 562, 156 N. W. 2d 133. An overriding public policy of protecting an owner-operator who inexcusably has no applicable bodily injury liability coverage is not presently discernible.

"An insurance contract should be interpreted in accordance with reasonable expectations of the insured at the time of the contract. See Stephens v. Allied Mut. Ins. Co., *supra*. Plaintiff does not assert that he had bodily injury liability coverage applicable to his motorcycle under any contract. He might expect the uninsured motorist endorsement to cover loss while he was operating his motorcycle, but such expectations are unreasonable."

The plaintiff urges us to overrule the Shipley case and find that the exclusion is invalid as contrary to public policy as expressed in section 60-509.01, R. R. S. 1943. A substantial number of jurisdictions now hold such an exclusion is invalid. See the cases collected in Widiss, A Guide to Uninsured Motorist Coverage, § 2.9, p. 28, and Note, Insurance: Validity of the Owned-but-Uninsured Motor Vehicle Exclusion Under the Uninsured Motorist Act, 28 Okla. L. Rev. 894. These cases proceed, generally, on the theory that the statute is designed to protect persons, not vehicles, and the exclusion violates this purpose.

The statute, of course, relates to automobile liability insurance policies. It requires that uninsured motorist coverage be included in any such policy delivered or issued for delivery in this state unless rejected by the insured. The purpose of the coverage is to protect the insured from uninsured motorists, motorists who do not have liability insurance on

their vehicle. It is difficult to find a policy in the statute to protect one uninsured motorist from another uninsured motorist. This is what the Shipley case referred to when it stated: "An overriding public policy of protecting an owner-operator who inexcusably has no applicable bodily injury liability coverage is not presently discernible."

In Holcomb v. Farmers Ins. Exchange, 254 Ark. 514, 495 S. W. 2d 155, the court stated: "It is a matter of common knowledge that in most automobile use related injuries two automobiles and drivers are involved. Under the broad coverage insisted on by the appellants, by the purchase of single coverage on one automobile an owner could protect himself and his entire family against financial loss caused by uninsured motorists while each of them are themselves driving uninsured and uninsurable automobiles. We are of the opinion such was not the intent of the Legislature in the enactment of § 66-4003."

The Shipley case is controlling and the judgment must be affirmed.

AFFIRMED.

WHITE, J., dissenting.

I believe Shipley v. American Standard Ins. Co., 183 Neb. 109, 158 N. W. 2d 238, was wrongly decided. We should not hesitate to reexamine our conclusions when the reasons to do so are persuasive. The majority has shown in its own opinion that their conclusion is supported by an ever-lessening number of states and that any number of states once holding with Nebraska have reexamined their position and reversed themselves as we should do.

McCOWN, J., joins in this dissent.