Delores CRAWFORD, Special Administratrix of the Estate
of Roger William Fergerson, Deceased *v.* EMCASCO
INSURANCE COMPANY

87-279                                      745 S.W.2d 132

Supreme Court of Arkansas
Opinion delivered February 22, 1988

*H. David Blair*, for appellant.

*Odell Pollard, P.A.*, by: *Margaret Bunn*, for appellee.

TOM GLAZE, Justice. This is an appeal from the granting of appellee's motion for summary judgment and denial of appellant's motion for partial summary judgment in a wrongful death action. On appeal, we have one issue to decide: whether the trial court erred in finding that the appellee's uninsured motorist policy exclusion for injuries sustained while occupying an owned but not insured vehicle was valid (and not in violation of the minimum coverage required) under Ark. Code Ann. § 23-89-403 (1987). In pressing her point for reversal, the appellant asks us to

reexamine and overrule the court's earlier holding in *Holcomb* v. *Farmers Ins. Exch.*, 254 Ark. 514, 495 S.W.2d 155 (1973), which was relied upon by the trial court in this cause.[1] We reaffirm this court's decision in *Holcomb* and therefore affirm.

Roger Fergerson, appellant's fifteen-year-old son, was killed when his motorcycle was struck by an uninsured motorist. Appellant had uninsured motorist coverage on her two automobiles, which were insured by the appellee. Appellant, as special administratrix, brought a wrongful death action for the death of her son seeking damages under her uninsured motorist coverage. The decedent was an insured under the terms of his mother's insurance policy, and it is undisputed that he was killed through the fault of an uninsured motorist. The issue of coverage, however, arises because the motorcycle the appellant's son was riding, when the fatal accident occurred, was not listed on the insurance policy issued by the appellee.

Appellee's uninsured motorist coverage contained the following exclusion: "We do not provide Uninsured Motorist Coverage for bodily injury sustained by any person (1) while occupying, or when struck by, any motor vehicle owned by you or any family member which is not insured for this coverage under this policy. . . ." The policy defines uninsured vehicle as a land motor vehicle or trailer of any type. Appellant contends the foregoing exclusion from coverage is void and against public policy under Arkansas's uninsured motorist statute, Ark. Code Ann. § 23-89-403 (1987). That statute provides:

> (a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is pro-

---

[1] The appellant alternatively argues this case is distinguishable from *Holcomb* because, unlike in *Holcomb*, the insured in this case never rejected uninsured motorist coverage of any motor vehicle, thus not affecting the coverage to which any insured under her policy was entitled pursuant to § 23-89-403. We find this argument meritless because the *Holcomb* decision was not premised on whether the insured rejected coverage on one of the insured's vehicles, but, instead, the holding merely construed § 23-89-403 in a manner that precluded coverage to an owner's other uninsured vehicles when that owner purchased coverage on only one of his vehicles.

vided therein or supplemental thereto and is not less than the limits described in § 27-19-605, under provisions filed with and approved by the Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. (b) However, the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage, and this rejection shall continue until withdrawn in writing by the insured.

In its earlier decision of *Holcomb v. Farmers Ins. Exch.,* 254 Ark. 514, 495 S.W.2d 155 (1973), this court construed the foregoing uninsured motorist statute, in holding as valid an exclusion similar to the one now before us.[2] Although appellant's argument here is sound and is one that has been accepted in some other jurisdictions, we find her argument is essentially the same as the one this court rejected in *Holcomb.* While the court in *Holcomb* adopted the minority view which validates such exclusion provisions that limit uninsured motorist coverage, that view has since gained acceptance (or remained the rule) in a number of other jurisdictions. *See Rodriquez* v. *Maryland Indem. Ins. Co.,* 24 Ariz. App. 392, 539 P.2d 196 (1975); *Dullenty* v. *Rocky Mountain Fire and Casualty Co.,* 111 Idaho 98, 721 P.2d 198 (1986); *Safeco Ins. Co. of America* v. *Hubbard,* 578 S.W.2d 49 (Ky. 1979); *Herrick* v. *Liberty Mut. Fire Ins. Co.,* 202 Neb. 116, 274 N.W.2d 147 (1979); *Employers' Fire Ins. Co.* v. *Baker,* 119 R.I. 734, 383 A.2d 1005 (1978); *Hill* v. *Nationwide Mut. Ins. Co.,* 535 S.W.2d 327 (Tenn. 1976); *Equitable General Ins. Co.* v. *Williams,* 620 S.W.2d 608 (Tex. Civ. App. 1981). This court, in fact, unanimously chose to follow its view expressed in *Holcomb* by rejecting the specific invitation to overrule it. *Lucky* v. *Equity Mut. Ins. Co.,* 259 Ark. 846, 537 S.W.2d 160 (1976). The court said:

Appellant suggests that we should overrule our hold-

---

[2] Since the *Holcomb* decision, the General Assembly added the proviso to § 23-89-403 which continued an insured's rejection of coverage until the insured withdraws that rejection in writing.

ing in *Holcomb* v. *Farmers Ins. Exchange*, 254 Ark. 514, 495 S.W.2d 155 (1973). We find no merit in this contention. The construction there given to the uninsured motorist statute has become as much a part of the statute as the words of the General Assembly, *Merchants' Transfer & Warehouse Co.* v. *Gates*, 180 Ark. 96, 21 S.W.2d 406 (1929). Furthermore, even if we should reconsider our holding in *Holcomb, supra*, the reconsideration could not be applied retroactively to appellant since it involves a matter of contract, *Hare* v. *General Contract Purchase Corp.*, 220 Ark. 601, 249 S.W.2d 973 (1952).

In reviewing what has (and what has not) occurred since this court's holding in *Holcomb*, we perceive no new or compelling reason to overrule it. To the contrary, this court already has refused to overrule *Holcomb* on one prior occasion, and the rule in *Holcomb* has since gained acceptance, or has been reaffirmed, in a number of other jurisdictions. Appellant, in addressing the language set out in Arkansas's uninsured motorist statute, argues that language provides for personal insurance as opposed to vehicle coverage. We disagree and, instead, read § 23-89-403 to provide *automobile liability insurance coverage with respect to* the ownership, maintenance, or use of *any motor vehicle* registered or principally garaged in this state.

In reading § 23-89-403, we discern nothing that would suggest the General Assembly intended to allow an insured to purchase a liability policy, which included uninsured motorist coverage, for one of his vehicles and to extend that coverage to other uninsured vehicles owned by the insured. In a recent decision, the Idaho Supreme Court explored this very point. *Dullenty*, 111 Idaho 98, 721 P.2d 198 (1986). That court said:

> If an insurer is required to insure against a risk of an undesignated but owned vehicle, or a different and more dangerous vehicle of which it has no knowledge, it is thereby required to insure against risks of which it is unaware, unable to underwrite and unable to charge a premium therefor.

Id. at 106, 721 P.2d at 206.

Although fifteen years has passed since this court's decision

in *Holcomb*, the General Assembly has not amended § 23-89-403 in an effort to change the result reached in *Holcomb*. Obviously, if the General Assembly desired to impose the burden on insurance carriers to provide coverage for undesignated risks such as the one present in the instant case, it easily could have done so.

■ For the several reasons given above, we hold the exclusion provision contained in the appellee's uninsured motorist coverage is valid, and therefore affirm the trial court's granting of appellee's summary judgment and its denial of appellant's motion for partial summary judgment.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I see no reason why we cannot find policy coverage in this case and at the same time reaffirm our holding in *Holcomb* v. *Farmers Ins. Exch.*, 254 Ark. 514, 495 S.W.2d 155 (1973). Concededly, the insurance policy here under consideration expressly excluded coverage for uninsured motorist protection with respect to vehicles that were not covered under the policy. Nevertheless, the exclusion was ineffective because it does not comply with the law. *Travelers Insurance Co.* v. *National Farmers Union*, 252 Ark. 624, 480 S.W.2d 585 (1972).

The appropriate part of Ark. Code Ann. § 23-89-403 (1987) states:

> No automobile liability insurance, covering liability arising out of the ownership . . . or use of any motor vehicle shall be delivered . . . unless coverage is provided therein or supplemental thereto . . . for the protection of *persons insured thereunder* who are legally entitled to recover from owners or operators of uninsured motor vehicles . . . . [Emphasis added.]

The statute mandates that coverage for uninsured motorist protection be included in all policies, or by supplemental agreement, unless the coverage is expressly rejected in writing. The statute requires coverage to be extended to "persons" insured rather than "vehicles" insured. Therefore, the statutory language creates a personal insurance policy coverage as distinguished from the appellee's attempt to make the coverage vehicular. This coverage should not be confused with first party coverage,

commonly referred to as PIP, as established by Ark. Code Ann. § 23-89-204 (1987).

Neither the policy holder nor the decedent, an insured under the policy, rejected the uninsured motorist coverage in writing. The death was caused by an uninsured motor vehicle. Therefore, coverage was clearly established and was not legally excluded.

In *Holcomb* the policy owner owned two vehicles. He obtained uninsured motorist coverage on one vehicle and in writing expressly rejected coverage on the other. It was the vehicle which had been expressly rejected from uninsured motorist coverage that Holcomb was riding in at the time of the occurrence. In the present case there has been no express rejection for any vehicle.

The *Holcomb* opinion was a 4-3 decision that relied upon *Owens* v. *Allied Mut. Ins. Co.*, 487 P.2d 402 (Ariz. 1971); *Shipley* v. *American Standard Ins. Co.*, 158 N.W.2d 238 (Neb. 1968); and *McElyea* v. *Safeway Ins. Co.*, 266 N.E.2d 146 (Ill. 1970). *McElyea* has been overruled by *Doxtater* v. *State Farm Mutual Auto Ins. Co.*, 290 N.E.2d 284 (Ill. 1972). *Owens* is not in point with the current fact situation because the vehicle involved had been specifically rejected from uninsured motorist coverage. *Shipley* is not in point because the issue involved was whether a motorcycle was a vehicle within the uninsured motorist coverage.

The present majority opinion admits that broadly interpreted, *Holcomb* is still in the minority view that validates such exclusions as we are dealing with here. I do not think we need to overrule *Holcomb* to reverse this case. However, if necessary I would be willing to do so because the minority view simply will not stand scrutiny under the Arkansas statute relating to uninsured motorist coverage.