Robert M. Eubanks, III Insurance Commissioner Arkansas Insurance Department 400 University Tower Building Little Rock, AR 72204
Dear Mr. Eubanks:
This is in response to your request for an opinion on the applicability of Arkansas' mandatory automobile liability insurance laws to motorcycles and motor-driven cycles. You note initially that it is your opinion, and the opinion of the Commissioner of Revenues, that A.C.A. 27-22-104, which requires liability insurance, or self-insurance on all motor vehicles operated in the state, includes motorcycles and motor-driven cycles within its ambit. With this conclusion, I agree. See,27-20-101, and Carner v. Farmers Insurance Co. of Arkansas, 3 Ark. App. 201,633 S.W.2d 859 (1981). Given this conclusion, you pose three specific questions which are as follows:
 1) It is appropriate for an insurer to exclude from a policy liability coverage for any guests or passengers on a motorcycle or motor-driven cycle covered by the policy?
 2) If so, would the insured purchasing that policy with such an exclusion be in violation of Arkansas laws requiring mandatory liability insurance for motor vehicles?
 3) Would the insured purchasing that policy with such an exclusion fail to satisfy his proof of financial responsibility and proof of future financial responsibility following a cycle accident causing injury to passengers or other third parties?
For the reasons that follow, it is my opinion that the exclusion is appropriate, and the inclusion of it in an insured's policy would not render that insured in violation of Arkansas law, or make him unable to meet the statutory requirements of providing proof of financial and future financial responsibility.
Section 27-22-104 of the Arkansas Code, (Supp. 1987) provides:
 (a) It shall be unlawful for any person to operate a motor vehicle within this State unless the person is covered by a certificate of self-insurance under the provisions of 27-19-107, or an insurance policy issued by an insurance company or surety company authorized to do business in this State.
 (b) The policy shall provide, as a minimum, the following coverage:
 (1) Not less than twenty-five thousand dollars ($25,000) for bodily injury or death of one (1) person in any one (1) accident;
 (2) Not less than fifty thousand dollars ($50,000) for bodily injury or death of two (2) or more persons in any one (1) accident.
 (3) If the accident has resulted in injury to or destruction of property, not less than fifteen thousand dollars ($15,000) for the injury to or destruction of property of others in any one (1) accident.
Section 27-22-101 (Supp. 1987), entitled "Legislative Intent Applicability" provided in pertinent part:
 (a) This chapter is not intended in any was to alter of affect the validity of any policy provisions, exclusions, exceptions, or limitations contained in a motor vehicle insurance policy required by this chapter.
In response to your first question, it appears that the legislature has sanctioned such an exclusion with the adoption of27-22-101(a), which provides that the chapter shall not affect the validity of any exclusion. While it is possible that some exclusions could be so broad as to contravene the requirement of insurance and therefore be against the public policy of the state, it is my opinion that the exclusion from coverage of motorcycle passengers is within what the legislature intended to leave unaffected in 27-22-101(a). It is possible for an insurance policy to provide the minimum benefits required by 27-22-104 and still exclude from coverage motorcycle passengers. While we are without the benefit of Arkansas case law exactly on point, we do know that at least with respect to uninsured motorist coverage, some insurance exclusions will be upheld as nonviolative of the public policy of the State. Crawford v. Emasco Ins. Co.,294 Ark. 569, 745 S.W.2d 132 (1988), and Howard v. Grain Dealers Mutual Insurance Co., 342 F. Supp. 1125 (W.D.Ark. 1972).
In response to your second question, it appears that if the insured's policy provides the basic coverage limits set out in A.C.A. 27-22-104, he is in compliance with state law even though the policy excludes motorcycle or motor-driven cycle passengers. It is doubtful that the legislature would impose the substantial fine provided for in 27-22-103 upon an individual whose insurance policy contains an exclusion the validity of which is guaranteed under 27-22-101(a).
Similarly, in my opinion, the same individual would meet the requirements of A.C.A. 27-19-604(1) and 27-19-605(a), providing for security after an accident. The former section provides that the security and suspension requirements shall not apply to "[t]he driver or owner if the owner had in effect at the time of the accident an automobile liability policy. . . ." The latter provision requires that the policy contain the basic coverage set out in27-22-104. Again, if this basic coverage is carried, notwithstanding the exclusion, compliance with the law is possible. In my opinion, the same conclusion obtains with respect to providing proof of future financial responsibility. See, A.C.A. 27-19-701 (A)(1) and 27-19-713(2). Both of these conclusions in part are reached in light of the legislature's pronouncement in 27-22-101(a), of its intention not to affect the validity of any exclusions.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.