Thomas E. COOK and Mary M. Cook *v.* WAUSAU
UNDERWRITERS INSURANCE COMPANY

89-130                                           772 S.W.2d 614

Supreme Court of Arkansas
Opinion delivered July 17, 1989

*Mobley & Smith,* by: *William F. Smith,* for appellant.

*Daily, West, Core, Coffman & Canfield,* by: *Douglas M. Carson,* for appellee.

JOHN I. PURTLE, Justice. This is an appeal from a declaratory judgment entered in favor of appellee Wausau Underwriters Insurance Company upholding a clause in a liability policy which excluded coverage to the spouse of the policyholder. The single point argued on appeal is that the trial court erred in upholding the exclusion of a member of the same household from coverage in the liability policy. We hold that the declaratory judgment was properly entered and therefore affirm.

The facts in this case are not in dispute. By stipulation the parties agreed that the appellee issued an automobile policy to appellant Thomas E. Cook for a period of time which included the date of the occurrence in question. The stipulation reveals that appellants Thomas and Mary Cook were husband and wife at all times pertinent to this appeal. The appellee's policy covered the vehicle for liability, but specifically excluded household members.

Thomas Cook was driving his automobile on October 16,

1986, with Mary Cook riding as a passenger, when it collided with another automobile driven by Blake Frost. Mary Cook filed a negligence action against both her husband and Frost. A declaratory judgment was then commenced by the appellee.

The exclusion from liability coverage under the policy was "for bodily injury to you or any family member." The policy defined "you" and "your" as the "named insured" and the "spouse" if a resident of the same household. We considered such an exclusionary clause in an automobile liability policy in *State Farm Mutual Insurance Company* v. *Cartmel*, 250 Ark. 77, 463 S.W.2d 648 (1971). Cartmel became an insured under the terms of the policy because he was driving with the permission of a named insured. The wife of the owner was a passenger in the insured vehicle when it was involved in an accident in which she suffered injuries. The wife brought suit against Cartmel for recovery of damages. The insurance company filed a declaratory judgment action. The trial court held that the exclusion from liability coverage for family members was invalid. This court reversed on appeal. The *Cartmel* opinion held that neither substantive law nor public policy prohibited enforcement of the exclusion in the insurance policy.

We faced a somewhat similar question in the case of *Holcomb* v. *Farmers Insurance Exchange*, 254 Ark. 514, 495 S.W.2d 155 (1973), where we considered a provision in an automobile liability policy excluding uninsured motorist coverage. The Holcombs owned two automobiles, both of which were insured with the Farmers Insurance Exchange. The policy on one included uninsured motorist protection; the policy on the other did not. Leona Holcomb, the wife of James Holcomb, was injured in the automobile which did not have uninsured motorist coverage included in the policy. (The other driver was an uninsured motorist.) The *Holcomb* opinion concluded with the following paragraph:

> We conclude, therefore, that Ark. Stat. Ann. § 66-4003 [the uninsured motorist statute] does not restrict contracts between liability insurance companies and the owners of automobiles in this state to the extent urged by the appellants, and we hold that the policy exclusion in the case at bar was valid and effective in this case.

254 Ark. at 522.

The court rejected Holcomb's argument that public policy demanded the exclusion be held invalid.

The same issue addressed in *Holcomb* was considered by this court in *Lucky* v. *Equity Mutual Insurance Co.*, 259 Ark. 846, 537 S.W.2d 160 (1976), where we stated:

> Appellant suggests that we should overrule our holding in *Holcomb* v. *Farmers Insurance Exchange*, 254 Ark. 514, 495 S.W.2d 155 (1973). We find no merit in this contention. The construction there given to the uninsured motorist statute has become as much a part of the statute as the words of the General Assembly [citation omitted].

We have more recently considered the same question in *Crawford* v. *EMCASCO Insurance Co.*, 294 Ark. 569, 745 S.W.2d 132 (1988), where we were again asked to overrule our holding in *Holcomb*. The *Crawford* opinion, however, emphatically reaffirmed our decision in *Holcomb*.

The appellants argue that the compulsory motor vehicle liability insurance law enacted by the General Assembly, Act 442 of 1987 (Ark. Code Ann. § 27-22-101 et seq. (Supp. 1987)) renders such exclusionary clauses in liability policies invalid. The legislative intent of the Act was expressed in § 27-22-101(a):

> This chapter is not intended in any way to alter or affect the validity of any policy provisions, exclusions, exceptions, or limitations contained in a motor vehicle insurance policy required by this chapter.

The General Assembly is presumed to be aware of our decisions. It is particularly significant that, in enacting the compulsory insurance law, the legislature specifically recognized that liability policy provisions included exclusions and limitations. Moreover, the legislature has specifically provided that the compulsory insurance law was not intended to affect the validity of any policy exclusions. Since the legislature has not indicated any intent to overrule our longstanding precedents, and we find no compelling public policy reason for doing so, we decline the invitation to overrule our prior decisions.

Affirmed.