Judy SMITH *v.* SHELTER MUTUAL INSURANCE
COMPANY

96–217                                                937 S.W.2d 180

Supreme Court of Arkansas
Opinion delivered February 10, 1997

*Swindoll Law Firm,* by: *James F. Swindoll,* for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.,* by: *John E. Moore* and *Julia L. Busfield,* for appellee.

W.H."DUB" ARNOLD, Chief Justice. This is an appeal from a summary judgment entered in favor of appellee Shelter Mutual Insurance Company upholding a clause in an automobile liability insurance policy that excluded coverage to the minor son of the insured. The sole issue on appeal is whether the trial court erred in refusing to find that the exclusion was void as against public policy. We find no error and affirm.

The facts in this case are not in dispute. On February 14, 1994, Jason Lockett, a minor, was driving a 1993 Dodge van on a public road in Saline County, Arkansas, when it collided with a dump truck driven by Gerald Hobby. Tammy Smith, minor daughter of appellant Judy Smith, was a pedestrian in the area and allegedly sustained injuries as a result of the accident.

The van was insured under a policy issued by Shelter to Jason's father, John Lockett. The policy contained a driver-exclusion endorsement providing that:

> No insurance is provided by this policy while any automobile is being driven by or is under the direct control of:
>
> . . . .
>
> Jason Lockett

This endorsement was signed by John Lockett, the policyholder.

On March 3, 1994, Smith sued John Lockett on a negligence theory. On June 3, 1994, Shelter, relying on the named-driver exclusion, filed suit for declaratory judgment, claiming that no

defense or coverage was owed to Lockett. Thereafter, on June 27, 1994, Smith filed suit against Shelter, contending that she was entitled to both personal-injury protection and uninsured motorist benefits under the Lockett policy. After consolidating the Shelter declaratory-judgment action with Smith's contract action, the trial court granted summary judgment against Smith on the basis that the policy's exclusion of Jason Lockett as a named driver was explicit and unambiguous, and that Shelter owed no coverage and no duty to defend under the policy. The trial court further found that the named-driver exclusion was not violative of public policy. It is from this adverse ruling that Smith appeals.

██ When reviewing insurance policies, we adhere to the long-standing rule that, where the terms of the policy are clear and unambiguous, the policy language controls; absent statutory strictures to the contrary, exclusionary clauses are generally enforced according to their terms. *Noland v. Farmers Ins. Co.*, 319 Ark. 449, 892 S.W.2d 271 (1995); *State Farm Mutual Ins. Co. v. Cartmel*, 250 Ark. 77, 463 S.W.2d 648 (1971). In construing the meaning of insurance policies:

> It is unnecessary to resort to rules of construction in order to ascertain the meaning of an insurance policy when no ambiguity exists. *McKinnon, Admx. v. Southern Farm Bureau Casualty Ins. Co.*, 232 Ark. 282, 335 S.W.2d 709 (1960). The terms of an insurance contract are not to be rewritten under the rule of strict construction against the company issuing it so as to bind the insurer to a risk which is plainly excluded and for which it was not paid.

State Farm Fire & Casualty Co. v. Midgett, 319 Ark. 435, 439, 892 S.W.2d 469, 471 (1995); *quoting Southern Farm Bur. Cas. Ins. Co. v. Williams*, 260 Ark. 659, 664, 543 S.W.2d 467, 470 (1976).

We initially observe that, in 1984, the Arkansas Insurance Commissioner promulgated the requirement that driver exclusion endorsements contain the insured's signature. The Commissioner's Bulletin No. 17-83, issued on January 2, 1984, approved exclusionary endorsements provided that the policy includes the signature of the named insured who accepts and acknowledges the restricted coverage. *See also Shelter Gen. Ins. Co. v. Williams*, 315 Ark. 409, 867 S.W.2d 457 (1993). Smith makes no allegation that

Shelter failed to comply with the Commissioner's requirements in this regard; rather, she claims that the exclusion of Jason Lockett violates public policy.

■ In advancing her public-policy argument, Smith chiefly relies on Ark. Code Ann. §§ 27-19-701 et seq. and 27-22-101 et seq. (Repl. 1994). In her brief, she recites the provision of the Motor Vehicle Safety Responsibility Act that mandates that an automobile owner or operator who has been in an accident provide proof of his or her financial responsibility for the future by filing a certificate of insurance showing that there is in effect a motor-vehicle liability policy. Particularly, § 27-19-702 sets out the circumstances under which an owner or operator must demonstrate proof of future financial responsibility:

> The provisions of this subchapter requiring the deposit of proof of financial responsibility for the future, subject to certain exemptions, shall apply with respect to persons who have been convicted of or forfeited bail for certain offenses under motor vehicle laws or who have failed to pay judgments upon causes of action arising out of ownership, maintenance, or use of vehicles of a type subject to registration under the laws of this state.

We have recognized that these provisions "ha[ve] no application whatever to an insurance policy which has not been used as proof of financial responsibility in the future." *State Farm Mutual Ins. Co. v. Cartmel*, 250 Ark. 77, 78, 463 S.W.2d 648, 649 (1971); *quoting Aetna Casualty & Surety Co. v. Simpson*, 228 Ark. 157, 163, 306 S.W.2d 117, 121 (1957). As in the *Cartmel* and *Simpson* cases, nothing appears in the pleadings of the present case to indicate that the policy issued to John Lockett had been used for the purpose of providing proof of future responsibility. Thus, because Smith has not demonstrated the relevance of this part of the Motor Vehicle Safety Responsibility Act, we need not discuss whether the named exclusion violates the public policies that these provisions were designed to advance.

Smith further argues that the compulsory motor-vehicle liability insurance law, Ark. Code Ann. § 27-22-101 et seq. (Repl. 1994), renders the exclusionary clause in this case void as against

public policy. The legislative intent of these provisions is expressed in § 27-22-101(a):

> This chapter is not intended in any way to alter or affect the validity of any policy provisions, exclusions, exceptions, or limitations contained in a motor vehicle insurance policy required by this chapter.

In *Cook v. Wausau Underwriters Ins. Co.*, 299 Ark. 520, 772 S.W.2d 614 (1989), we rejected Cook's argument that our compulsory insurance law rendered a clause that excluded coverage to the spouse of a policyholder void as against public policy, reasoning as follows:

> The General Assembly is presumed to be aware of our decisions. It is particularly significant that, in enacting the compulsory insurance law, the legislature specifically recognized that liability policy provisions included exclusions and limitations. Moreover, the legislature has specifically provided that the compulsory insurance law was not intended to affect the validity of any policy exclusions. Since the legislature has not indicated any intent to overrule our longstanding precedents, and we find no compelling public policy reason for doing so, we decline the invitation to overrule our prior decisions.

299 Ark. at 522, 772 S.W.2d at 616.

In her brief, Smith has cited cases from outside our jurisdiction purportedly advancing her position, and Shelter has attempted in its brief to distinguish these cases. Because our legislature has specifically provided that the compulsory insurance law was not intended to affect the validity of any policy exclusions, it is unnecessary for us to address cases from other jurisdictions that rely on their own states' statutes. We feel certain that, if the legislature wishes to provide that the compulsory insurance law is to affect the validity of any policy exclusions, it will change or amend § 27-22-101(a).

Because we agree that no genuine issue of material fact remains to be resolved, we hold that the trial court did not err in entering summary judgment in the favor of Shelter.

Affirmed.