# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1917

_____

Allstate Insurance Company,

        Appellee,

v.

James Garrett; Linda Garrett,

        Appellants.

\* Appeal from the United States
\* District Court for the
\* Western District of Arkansas.
\*    [UNPUBLISHED]

_____

Submitted: January 8, 2001

Filed: January 23, 2001

_____

Before WOLLMAN, Chief Judge, BYE, Circuit Judge, and JONES,[1] District
    Judge.

_____

PER CURIAM.

Allstate Insurance Company (Allstate) brought this action in federal district court
pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that
the boat owners' insurance policy purchased by married couple James and Linda
Garrett does not cover losses associated with the injuries Linda Garrett sustained on

_____

[1]The Honorable John B. Jones, United States District Judge for the District of
South Dakota, sitting by designation.

August 2, 1998, when her husband was piloting their boat and she was a passenger. The district court[2] granted summary judgment in favor of Allstate after determining that the policy unambiguously excludes coverage for such injuries. We affirm.

On appeal, the Garretts contend: (1) that the court should have stayed the federal action until a state court action filed by Linda Garrett against her husband and Allstate has been concluded, (2) that the contract provision relied upon by Allstate is ambiguous and therefore must be construed in favor of the Garretts, and (3) that the provision is unenforceable as contrary to Arkansas public policy.

First, we conclude that it was proper for the district court to deny the Garretts' motion for a stay. We review the district court's decision to entertain a declaratory judgment action for abuse of discretion. Capitol Indem. Corp. v. Haverfield, 218 F.3d 872, 874 (8th Cir. 2000). The district court "must consider the scope and nature of the pending state court proceeding to ascertain whether the issues in controversy between the parties to the federal action . . . can be better settled by the state court." Id. In Haverfield, we held that a district court had abused its discretion by allowing a federal declaratory judgment suit to proceed when a state court was considering the same issue between the same parties. Haverfield, 218 F.3d at 875. In that case, the parties, issue, and arguments were the same in the pending state and federal actions, while the relevant state law, decisive in the case, was unclear and the subject of a split in the decisions of the courts within the state. Id.

In this case, Linda Garrett is suing in state court to establish her husband's liability to her for her injuries. The case has not yet reached a conclusion, and although Allstate is named in the state court action, no indemnity action against Allstate has been filed. In contrast, this federal declaratory action seeks a ruling on the scope of the

---

[2]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

policy's coverage. Thus, the arguments and the relevant issues are not the same. Additionally, unlike the situation in <u>Haverfield</u>, Arkansas law is settled on the general status of exclusionary clauses like the one at issue in this case. Accordingly, we conclude that the district court did not abuse its discretion in declining to grant the Garretts' motion to stay.

Second, we agree with the district court that Allstate relies on a contractual provision that is unambiguous and excludes coverage for Linda Garrett's injuries. Section II of the insurance policy states that Allstate will pay "all sums arising from an accidental loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage resulting" from the ownership, maintenance, or use of covered property. Appellants' App. at tab 2, boat owners' policy at 12 (emphasis omitted). Section II also lists those losses that are excluded from coverage and includes the following provision: "2. We do not cover bodily injury to an insured person or property damage to property owned by an insured person." <u>Id.</u> at 13 (emphasis omitted). The definitions section of the policy provides that: an "insured person" means "you and, if a resident of your household: (a) any relative . . . ." "You" or "your" under the policy "means the person named on the declarations page as the insured and that person's resident spouse." <u>Id.</u> at 3 (emphasis omitted).

It is undisputed that the Garretts are both named on the declarations page of the policy as insured persons. Linda Garrett's injuries are therefore excluded from coverage. The Garretts contend, however, that the exclusionary provision at issue could be interpreted as excluding coverage only for those losses that are self-inflicted by an insured person. We agree with the district court that the clause is unambiguous and not reasonably susceptible to the interpretation offered by the Garretts.

Finally, we reject the Garretts' contention that state statutes requiring boat owners to obtain general liability insurance on their watercraft indicate that public policy forbids exclusionary clauses like the one in question. The Arkansas Supreme

Court has concluded, however, that in the context of automobile insurance neither public policy nor the statutory requirement of liability insurance prohibits exclusionary clauses similar to the one in this case.  See Cook v. Wausau Underwriters Ins. Co., 772 S.W.2d 614, 615-16 (Ark. 1989); State Farm Mut. Auto. Ins. Co. v. Cartmel, 463 S.W.2d 648, 650 (Ark. 1971) ("Although [such exclusionary clauses] are quite far reaching and at times appear to have unfortunate effects, such clauses, absent statutory strictures to the contrary, are generally enforced according to their terms.").  In the light of these decisions, we conclude that the exclusionary clause in the Garretts' policy is valid.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.