Jonathan JORDAN, Victor Jordan, and Dennis Smith *v.*
ATLANTIC CASUALTY INSURANCE COMPANY

00-1325                                              40 S.W.3d 254

Supreme Court of Arkansas
Opinion delivered March 8, 2001

*The Brad Lowber Hendricks Law Firm*, by: *Phyllis B. Eddins*, for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Michael Huckabay, Jr.* and *Julia L. Busfield*, for appellee.

TOM GLAZE, Justice. This case arose from an accident where Dennis Smith, the driver of a 1988 Ford Aerostar, ran a stop sign at Reed Road and Highway 65 in Desha County, and struck a car driven by Jonathan Jordan. Victor Jordan was a passenger. Seven months later, the Jordans sued Smith in Desha County Circuit Court seeking damages for the injuries they sustained in the accident. About eight months passed when Smith's liability insurance carrier, Atlantic Casualty Insurance Company, filed a complaint for a declaratory judgment in Pulaski County Circuit Court. In its complaint, Atlantic asked for a judgment declaring that its policy provided no coverage for the Jordans' claims because, while Smith was a named insured in the policy, he was excluded from coverage if and when he operated the insured vehicle.[1] The Jordans responded by pointing out that, under Ark. Code Ann. § 27-22-104 (Supp. 1999), Smith was required to carry minimum liability coverage and the policy clause excluding him as the named insured when he drove the vehicle was void as against public policy. In other words, the Jordans argued that to permit an insured to exclude himself from his own policy allowed that person to avoid Arkansas' Motor Vehicle Liability Insurance law. *See* Ark. Code Ann. § 27-22-101, *et seq.* (Repl. 1994 and Supp. 1999).[2]

The Pulaski County Circuit Court granted a summary judgment in Atlantic's favor, holding that the clause excluding the insured — Smith — as a driver was enforceable under Arkansas law. Consequently, the court concluded Atlantic had no duty to defend the Jordans' lawsuit against Smith. The court of appeals affirmed the lower court's decision, *Jordan v. Atlantic Cas. Ins. Co.*, 71 Ark. App., 372, 32 S.W.2d 755 (2000), and we accepted jurisdiction to review the case under Ark. Sup. Ct. R. 1-2(b)(1), (4), and (5).

---

[1] The declaration page of the policy listed his sister, Melvinia Seals, as a driver, but only Smith was named as excluded.

[2] Section 27-22-104(a)(1) (Supp. 1999)of that law provides it is unlawful for any person to operate a motor vehicle within this state unless the person is covered by a certificate of self-insurance under the provisions of Ark. Code Ann. § 27-19-107 (Repl. 1994), or an insurance policy issued by an insurance company or surety company authorized to do business in this state.

The "named driver exclusion agreement," which was a part of the policy issued to and signed by Smith, provided in pertinent part as follows:

> In consideration of the premium charged, it is hereby agreed that no coverage is afforded by this policy while any vehicle is being used, driven, operated, or manipulated by, or under the care, custody or control of . . . Dennis J. Smith.
>
> The provisions of this endorsement supercede and exclude from the policy any contrary provisions.

Atlantic contends that the foregoing exclusionary clause is clear and unambiguous and that, under Arkansas law, such clauses are enforceable. Moreover, it submits that there is no distinction between whether the excluded driver is the named insured or an insured's relative. Atlantic explains that the insured contracts with the insurance company to exclude a driver, presumably one with a high risk, so that coverage may be maintained on the vehicle to be driven by operators with an acceptable level of risk; the premium is calculated on that basis.

■ Our general rules for reviewing insurance policies were set out in *Vincent v. Prudential Ins. Brokerage*, 333 Ark. 414, 970 S.W.2d 215 (1998):

> When reviewing insurance policies, this court adheres to the long-standing rule that, where terms of the policy are clear and unambiguous, the policy language controls, and absent statutory strictures to the contrary, exclusionary clauses are generally enforced according to their terms. *Smith v. Shelter Mut. Ins. Co.*, 327 Ark. 208, 937 S.W.2d 180 (1997). We have also found it unnecessary to resort to rules of construction in order to ascertain the meaning of an insurance policy when no ambiguity exists. *Id.* In other words, the terms of an insurance contract are not to be rewritten under the rule of strict construction against the company issuing it so as to bind the insurer to a risk which is plainly excluded and for which it was not paid. *Id.*

■ Atlantic is correct in arguing that our court has dealt with a named-driver exclusion clause in *Smith v. Shelter Mutual Ins. Co.*, 327 Ark. 208, 937 S.W.2d 180 (1997), where we held that such a clause was not void as against public policy. There, the insured purchased a policy from Shelter Mutual which excluded the insured's minor son. Subsequently, a third party, Tammy Smith,

was injured when she was struck by the insured's vehicle when the insured's son was driving it. After Smith sued the insured, Shelter Mutual filed suit, seeking a declaratory judgment declaring Shelter Mutual owed no coverage under the insured's policy. The trial court agreed, and this court affirmed on appeal. Smith made the argument that she was covered under the Shelter Mutual policy because the insured's exclusionary clause was ' oid as against public policy. The *Smith* court rejected Smith's argument, relying on the General Assembly's expressed legislative intent found in Ark. Code Ann. § 27-22-101(a) (Repl. 1994), which provides:

> This chapter is not intended in any way to alter or affect the validity of any policy provisions, exclusions, exceptions, or limitations contained in a motor vehicle insurance policy required by this chapter.

The court in *Smith* further stated that, if the General Assembly had intended to provide that the compulsory vehicle liability insurance law is to affect the validity of any policy exclusions, it would change or amend § 27-22-101(a). The General Assembly has yet to do so. *See also Shelter Gen. Ins. Co. v. Williams*, 315 Ark. 409, 867 S.W.2d 457 (1993) (where the insured excluded her two daughters as drivers under her policy, and both daughters were injured in an accident when one of the daughters was driving the insured's vehicle, this court held that, under statutory law, an insurer may contract with its insured upon whatever terms the parties may agree upon which are not contrary to statute or public policy, and the named-driver exclusion claim did no'. violate public policy); *Cook v. Wausau Underwriters Ins. Co.*, 299 Ark. 520, 772 S.W.2d 614 (1989) (citing § 27-22-101(a), court held the General Assembly has specifically provided that the compulsory insurance law was not intended to affect the validity of any policy exclusions).

The Jordans acknowledge Atlantic's argument that insureds should be able to exclude a high-risk driver from the policy so as to have affordable coverage; however, they claim that is not the issue before us because Smith is excluding himself as the insured, not as a driver. The Jordans argue that, in a situation where the insured is a high-risk driver, he could exclude himself as a named insured, which would permit him to obtain coverage on the vehicle at a lower premium, which in turn would allow the insured to obtain a vehicle registration and to facially appear to be in compliance with Arkansas' Motor Vehicle Liability Insurance law, only to be in violation of it when he drives the vehicle. The Jordans further assert

that an insurance company should not be authorized to issue policies with a named-insured exclusion, as such policies would increase the prospects for fraud and violations of the requirements of Arkansas law.

An insured excluded under his or her liability insurance policy *could*, as the Jordans hypothesize, misuse such an exclusionary clause for fraudulent purposes, but it does not necessarily follow that he or she will. For example, an insured who owns a vehicle, but is impaired or unlicensed and is thus unable to drive, may have a spouse or roommate who operates the insured's car so as to provide transportation or run errands for the insured. While these situations are lawful, they too would no longer be allowed if we were to hold all named-insured exclusions void. In any event, the Jordans, in the instant case, offer no evidence that the insured, Dennis Smith, in any way utilized the exclusionary clause in his policy with Atlantic for a fraudulent purpose.

In sum, our court has repeatedly recognized that our General Assembly, by enacting § 27-22-101, has in plain terms decided that the Motor Vehicle Liability Insurance Act is "not intended to alter or affect the validity of *any* policy exclusions." (Emphasis added.) Because the General Assembly has so spoken, we are unable to say the named-insured exclusion clause in Atlantic's policy is void as against public policy. It is well settled that the determination of public policy lies almost exclusively with the legislature, and the courts will not interfere with that determination in the absence of palpable errors. *McDonald v. Pettus*, 337 Ark. 265, 988 S.W.2d 9 (1999). The court has also held that a state's public policy is best evidenced by its statutes and an insurance provision that is in accordance with a statute cannot run contrary to public policy. *Majors v. American Premier Ins. Co.*, 334 Ark. 628, 977 S.W.2d 897 (1998).[3]

For the reasons discussed above, we affirm the trial court's granting of summary judgment in Atlantic's favor. We end, however, with the caveat to the General Assembly that it may wish to revisit the pertinent statutes set out in this opinion so as to prevent any named-insured from fraudulently circumventing Arkansas'

---

[3] As pointed out in the concurring opinion in the court of appeals' review of the case, *Jordon*, 71 Ark. App. at 373, the Louisiana law has specifically disapproved named-insured exclusions. *See Williams v. U.S. Agencies Cas. Inc. Co.*, 758 So. 2d 1010 (La. App. 2d Civ. 2000).

compulsory vehicle liability insurance law, while at the same time, assuring legitimate named-insureds will be able to obtain coverage.

IMBER, J., not participating.