# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2401

_____

| | | |
|---|---|---|
| RLI Insurance Company, Inc., | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Farmers Insurance Company, Inc.; | * | |
| Nationwide Mutual Insurance Company; | * | |
| | * | |
| Appellees, | * | |
| | * | Appeals from the United States |
| Darren O'Quinn, as Personal | * | District Court for the |
| Representative of the Estate of | * | Eastern District of Arkansas. |
| Daniel J. Baker; Jennifer Selle, as | * | |
| Personal Representative of the | * | [UNPUBLISHED] |
| Estate of Lila Ruffolo, | * | |
| | * | |
| Defendants. | * | |

_____

No. 05-2450

_____

| | |
|---|---|
| RLI Insurance Company, Inc., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| Farmers Insurance Company, Inc.; | * |
| Nationwide Mutual Insurance Company; | * |
| | * |

Appellees,                               *
                                         *
Darren O'Quinn, as Personal              *
Representative of the Estate of          *
Daniel J. Baker;                         *
                                         *
          Appellant,                     *
                                         *
Jennifer Selle, as Personal              *
Representative of the Estate of          *
Lila Ruffolo,                            *
                                         *
          Defendant.                     *

_____

          No. 05-2557

_____

RLI Insurance Company, Inc.,             *
                                         *
          Plaintiff,                     *
                                         *
     v.                                  *
                                         *
Farmers Insurance Company, Inc.;         *
Nationwide Mutual Insurance Company;*
                                         *
          Appellees,                     *
                                         *
Darren O'Quinn, as Personal              *
Representative of the Estate of          *
Daniel J. Baker;                         *
                                         *
          Defendant,                     *
                                         *
Jennifer Selle, as Personal              *
Representative of the Estate of          *

-2-

Lila Ruffolo,                                    *
                                                 *
            Appellant.                           *
                        _____

                    Submitted: August 3, 2006
                       Filed: August 9, 2006
                        _____

Before MURPHY, BYE, and MELLOY, Circuit Judges.
                        _____

PER CURIAM.

These appeals involve a declaratory judgment action filed by RLI Insurance Company (RLI) against Farmers Insurance Company (Farmers), Nationwide Mutual Insurance Company (Nationwide), Darren O'Quinn as personal representative of the Estate of Daniel J. Baker (O'Quinn), and Jennifer Selle as personal representative of the Estate of Lila M. Ruffolo (Selle). At the time of his death, Baker held insurance policies with each of the three insurance companies; RLI sought a declaration of the companies' respective duties on a wrongful-death claim Selle had brought against O'Quinn. The district court[1] granted Farmers and Nationwide summary judgment, concluding that their policies extended no coverage for the accident. RLI, O'Quinn, and Selle appeal. We affirm.

Briefly, the relevant facts are as follows. Baker and Ruffolo lived together as boyfriend and girlfriend. Baker owned a Chevrolet Yukon which was insured by Farmers, and on November 1, 2002, he purchased a Dodge Viper to replace the Yukon. Later that day, Baker obtained insurance on the Viper from Nationwide, and

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

he called Farmers to cancel the policy on the Yukon. Around 10 p.m. that evening, he lost control while driving the Viper; Baker and Ruffolo both died in the accident.

In addition to the Farmers and Nationwide policies, Baker had an umbrella policy with RLI. When Selle brought the wrongful-death action, O'Quinn requested coverage from Farmers, Nationwide, and RLI. Farmers and Nationwide denied coverage, and RLI filed this action seeking a declaration that there is coverage under the Farmers and Nationwide policies. Selle and O'Quinn filed cross-claims against Farmers and Nationwide.

As to the Farmers policy, we agree with the district court that Baker effectively canceled the policy before the November 1, 2002 accident. The undisputed evidence showed that Baker telephoned his Farmers agent on the afternoon of November 1 and asked that his policy on the Yukon be cancelled. The agent notified Farmers, and Farmers cancelled the policy on November 1, effective 12:00 p.m. Farmers issued a notice of cancellation dated November 1, which acknowledged that Farmers did not have a "signed authorization" from Baker, and stated that Baker was issued a premium refund. We disagree with appellants that a policy provision--stating that the insured "may cancel this policy by advising us in writing when at a future date the cancellation is to be effective"--prohibited Farmers from cancelling the policy upon Baker's oral notification. Farmers was free to choose not to insist upon compliance with the writing requirement, and did so by processing the cancellation request without a writing from Baker. Cf. St. Paul Fire & Marine Ins. Co. v. First Bank, 20 S.W.3d 372, 374-75 (Ark. 2000) (where agent's letter demonstrated that insurance company expressed willingness to terminate coverage but insisted upon insurer's providing cancellation and release form before cancellation would be processed, it was "clear" insurance company insisted upon compliance with policy's written notice provisions and did not enter into termination by mutual agreement before written notice and release were received). We also disagree with appellants that Farmers impermissibly made the cancellation retroactive by making it effective at noon on

November 1, even though Baker made his phone call later that afternoon. Cf. id. at 375 (cancellation operates prospectively only; rescission of policy retroactively to earlier date may only be accomplished with consent of insured policy owner and any third parties in whom rights may have vested). The effective cancellation time was determined for the purpose of calculating a refund, but coverage under the policy ended when Farmers accepted Baker's oral cancellation on the afternoon of November 1, before the accident occurred.

As for the Nationwide policy, we conclude that the policy's "bodily-injury exclusion" excludes coverage for Ruffolo. It is undisputed that Baker was the "policyholder" and "named insured," and that both Baker and Ruffolo were "insured drivers" under the policy. The bodily-injury exclusion provided that "coverage does not apply to . . . [b]odily injury to any insured." Thus, the important determination is whether Ruffolo qualified as an "insured" under the policy. An "insured" was defined as "one who is described as entitled to protection under each coverage." We agree with the district court that Ruffolo met the policy's definition of an "insured" because she was entitled to coverage under some policy provisions. We disagree with appellants' argument that the exclusion applied to Ruffolo only when she was driving: Arkansas has upheld substantially similar exclusions and has not limited such exclusions to insureds who were driving. See Cook v. Wausau Underwriters Ins. Co., 772 S.W.2d 614, 614-16 (Ark. 1989) (exclusion under automobile policy for bodily injury to any family member applied to passenger wife's claim against driver husband and did not violate substantive law or public policy); State Farm Mut. Auto. Ins. Co. v. Cartmel, 463 S.W.2d 648, 649-50 (Ark. 1971) (automobile policy excluded insured passenger's claim against insured permissive driver; noting such exclusionary clauses were designed and are approved to protect insurance companies from collusive claims, although they are "quite far reaching and at times appear to have unfortunate effects").

Accordingly, we affirm the judgment of the district court.

_____