## COLONIA UNDERWRITERS INSURANCE COMPANY *v.* WORTHEN NATIONAL BANK of Arkansas

CA 95-508         919 S.W.2d 515

Court of Appeals of Arkansas
Division I
Opinion delivered April 17, 1996
[Petition for rehearing denied May 22, 1996.*]

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *John E. Moore* and *Julia L. Busfield*, for appellant.

*Wright, Lindsey & Jennings*, by: *Harry S. Hurst, Jr.*, for appellee.

JOHN B. ROBBINS, Judge. On September 29, 1993, an automo-

---

bile owned by Lucille and Henry McCane was damaged in an accident. The vehicle was insured by appellant Colonia Underwriters Insurance Company (Colonia). Appellee Worthen National Bank of Arkansas (Worthen) was the lienholder and filed a claim for recovery as loss payee. Colonia responded that it had denied coverage to the McCanes and that Worthen had no greater right to recover than the policy holders. Worthen then brought suit against Colonia, seeking the proceeds for the loss pursuant to the insurance policy. Subsequently, both Worthen and Colonia filed motions for summary judgment on the issue of liability. The trial court entered partial summary judgment in favor of Worthen on this issue, and a trial followed solely on the issue of damages. Worthen was ultimately awarded approximately $7,500 in damages plus attorney's fees. Colonia now appeals, arguing only that the trial court erred as a matter of law in granting Worthen's motion for summary judgment as to the liability issue. We agree and reverse.

■ Summary judgment should be granted only when a review of the pleadings, depositions, and other filings reveals that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Arkansas Blue Cross and Blue Shield* v. *Hicky*, 50 Ark. App. 173, 900 S.W.2d 598 (1995). All proof submitted must be considered in the light most favorable to the non-moving party, and any doubts or inferences must be resolved against the moving party. *Wozniak* v. *Colonial Ins. Co.*, 46 Ark. App. 331, 885 S.W.2d 902 (1994). On appeal, we determine whether the evidence presented by the movant leaves a material question of fact unanswered. *Bellanca* v. *Arkansas Power and Light Co.*, 316 Ark. 80, 870 S.W.2d 735 (1994).

In the case at bar, it is undisputed that on November 11, 1992, Lucille and Henry McCane executed a retail installment contract and security agreement for the purchase of a Nissan Stanza automobile from Mike Baker Nissan. Mike Baker Nissan then assigned all its rights, title, and interest in the installment contract and vendor's lien to Worthen, representing and securing the deferred balance of $13,053.12 plus eight percent annual interest. On the same day, the McCanes obtained insurance on the vehicle from Colonia, which policy was renewed on June 25, 1993, for one year to expire June 25, 1994. Worthen was named as loss payee in the insurance policy.

After the automobile was damaged in the September 23, 1993, accident, the McCanes stopped making timely payments on the

installment note. Therefore, on January 26, 1994, Worthen repossessed the damaged vehicle and sought payment from Colonia pursuant to Ark. Code Ann. § 23-79-104 (Repl. 1992), which provides:

> (a) No contract of insurance of property or of any interest in property or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured at the time of the effectuation of the insurance and at the time of the loss.

> (b) "Insurable interest" as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment.

Upon being notified of Worthen's claim, Colonia responded that neither Worthen nor the McCanes were entitled to recovery due to an exclusion under the policy. Colonia referred to an endorsement signed by Lucille McCane and an authorized insurance representative on June 25, 1991. This endorsement was captioned "EXCLUSION OF NAMED DRIVER" and provided that there would be no insurance coverage under the existing policy, and any subsequent or new policy, for any claim arising out of an accident where the vehicle was being operated by Henry McCane. A similar endorsement later excluded coverage where the vehicle was being driven by Lucille McCane. The apparent reason for these endorsements was because the couple was elderly and other family members were available who could drive them when necessary. Because Henry McCane was driving the car at the time of the September 29, 1993, accident, Colonia informed Worthen that there was no coverage because of the exclusion in the policy.

In its motion for partial summary judgment, Worthen acknowledged that an exclusion agreement had been executed between Colonia and the McCanes. However, Worthen asserted that the endorsement did not bar recovery because it was never made aware of this exclusion provision. Worthen stated that, when the policy for the Nissan Stanza went into effect on November 11, 1992, it was not informed of any such exclusion. Worthen further noted that, when the policy was renewed on June 25, 1993, Colonia provided it with a "declarations page," which named

Worthen as the loss payee but failed to disclose any exclusion agreement regarding Henry McCane. It was not until after the accident that Worthen learned of the exclusion agreement. The trial court was persuaded by Worthen's argument, and granted summary judgment for Worthen on the liability issue.

For reversal, Colonia asserts that Worthen, as loss payee, had the same rights under the insurance policy as the named insured. Colonia argues that, although it never directly informed Worthen of the exclusion provision, if Worthen had requested copies of all of the endorsements which accompanied the policy it would have discovered this information. Colonia points out that an insured has a duty to educate himself concerning matters of insurance coverage, *see Scott-Huff Ins. Agency* v. *Sandusky*, 318 Ark. 613, 887 S.W.2d 516 (1994), and submits that this rule should be extended to include a loss payee claiming under an insurance policy. Alternatively, Colonia contends that it is irrelevant that it failed to notify Worthen of the exclusion provision, given that the only notice required by statute arises when an insured's policy is canceled, after which the loss payee must be notified of such cancellation at least twenty days prior to its effect. *See* Ark. Code Ann. § 23-66-206(11)(B) (1987). Finally, Colonia argues that, even if it had a duty to disclose the disputed information and failed to do so, it should not be held liable to Worthen under the policy because Worthen has not established that it was prejudiced by the omission, given that it has not asserted that it would have acted any differently had the information been disclosed.

■ We find that there were no genuine issues of material fact presented before the trial court, but we also find that the trial court erred in finding that Worthen was entitled to judgment as a matter of law. Therefore, we reverse.

■ Although Colonia did not directly inform Worthen of the exclusion agreement pertaining to Henry McCane, we know of no law requiring such notification. This is particularly true in light of the fact that the exclusion endorsement was executed on an existing insurance policy held by the McCanes well over a year before Worthen obtained a security interest in the Nissan Maxima on November 11, 1992. More importantly, it is undisputed that, when the McCanes' insurance was renewed on June 25, 1993, Worthen received a "declarations page" in reference to the insur-

ance policy.[1] This document listed five endorsements which were incorporated into the policy. At the bottom of the "declarations page" is the following language:

> THIS DECLARATIONS PAGE WITH PERSONAL AUTO POLICY PROVISIONS OR POLICY JACKET AND PERSONAL AUTO POLICY FORM, **TOGETHER WITH ENDORSEMENTS,** IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETES THE ABOVE NUMBERED POLICY. (Emphasis added.)

One of the endorsements was labeled "AU 101" and represented an exclusion agreement. Although Worthen makes much of the fact that there were actually two exclusion agreements but only one endorsement listed for them, it could have reviewed the policy and all of the endorsements, which would have revealed the exclusion agreements as to Henry McCane and Lucille McCane. Had Worthen acted diligently, it would have easily become aware of all of the contents of the insurance policy, including its endorsements. Its failure to do so was not the fault of Colonia. The terms of the policy were clear, and Worthen was not entitled to recover as a matter of law because a plain reading of the exclusion agreement at issue barred recovery. Colonia's motion for summary judgment should have been granted.

Reversed and remanded.

COOPER and STROUD, JJ., agree.

---

[1] We do not address in this opinion a situation where an insurer and insured enter into an agreement to exclude the insured as a driver, and the most recent "declarations page," or other statement of insurance coverage provided to the loss payee, does not include a reference to the exclusion agreement by endorsement number, or otherwise. That factual circumstance is beyond the scope of this opinion.