Jonathan JORDAN, Victor Jordan, and Dennis Smith
*v.* ATLANTIC CASUALTY INSURANCE COMPANY

CA 00-295                                                32 S.W.3d 755

Court of Appeals of Arkansas
Division I
Opinion delivered November 8, 2000

*The Brad Lowber Hendricks Law Firm*, by: *Phyllis B. Eddins*, for appellants.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Michael Huckabay Jr.* and *Julia L. Busfield*, for appellee.

TERRY CRABTREE, Judge. This appeal arises from a summary-judgment order entered by the Pulaski County Circuit Court in favor of appellee, Atlantic Casualty Insurance Com-

pany. On December 21, 1997, appellants, Jonathan Jordan and Victor Jordan, were involved in a motor vehicle accident with a 1988 Ford Aerostar driven by Dennis Smith. Mr. Smith had a liability insurance policy with appellee. Mr. Smith's insurance policy excluded him from coverage. The insurance policy covered Mr. Smith's sister, Melvinia Seals, as a listed driver. Mr. Smith signed "A Named Driver Exclusion Agreement" which provided that no coverage was given by the insurance policy if the vehicle was operated by Mr. Smith at the time of an accident.

Appellee filed suit for declaratory judgment in Pulaski County Circuit Court asking the court to declare whether there was coverage under the policy. The trial court found that the named-driver exclusion was valid and ruled that there was no coverage on behalf of Mr. Smith. The court further ruled that appellee had no duty to defend the suit filed against Smith in Desha County by the appellants Jonathan Jordan and Victor Jordan. We find no error, and thus affirm.

Arkansas Code Annotated Section 27-22-104, requires that any person who operates a motor vehicle obtain an insurance policy providing liability coverage on the vehicle in a minimum amount of $25,000 per person and $50,000 per accident for bodily injury. Dennis Smith obtained a liability insurance policy on his vehicle and excluded himself from coverage if he was operating the vehicle. Appellants argue that this named-driver exclusion should be held to be void as against public policy as a violation of Ark. Code Ann. § 27-22-104. We find no such violation of public policy.

Appellants frame their argument as an issue of first impression. However, we find that the Arkansas Supreme Court has found named-driver exclusions to be valid. *Smith v. Shelter Mut. Ins. Co.*, 327 Ark. 208, 937 S.W.2d 180 (1997); *Shelter Gen. Ins. Co. v. Williams*, 315 Ark. 409, 867 S.W.2d 457 (1993). In fact, this court has held that named-driver exclusions are valid. *Colonia Underwriters Ins. Co. v. Worthen Nat'l Bank*, 53 Ark. App. 106, 919 S.W.2d 515 (1996). It is true that the cases cited have not dealt with the issue of named-driver exclusions where the named insured excluded himself from liability coverage. However, we find no significant differences from the cases decided by the supreme court and the present case.

■■ An insurer may contract with its insured upon whatever terms the parties may agree upon which are not contrary to statute or public policy. *Shelter Gen. Ins. Co., supra.* When reviewing insurance policies, "where the terms of the policies are clear and unambiguous, the policy language controls; absent statutory strictures to the contrary, exclusionary clauses are generally enforced according to their terms." *Smith, supra.* In *Smith,* appellant advanced the argument that a named-driver exclusion was void as violating public policy under Arkansas' compulsory motor-vehicle liability insurance law, Ark. Code Ann. § 27-22-101 *et. seq.* (Repl. 1994). *Smith, supra.* The court in *Smith* rejected appellant's argument and in doing so relied on the legislative intent of the provisions expressed in § 27-22-101(a): "This chapter is not intended in any way to alter or affect the validity of any policy provisions, exclusions, exceptions, or limitations contained in a motor vehicle insurance policy required by this chapter." The legislature has specifically provided that the compulsory insurance law was not intended to affect the validity of policy exclusions. *Smith, supra.*

■ Applying Ark. Code Ann. § 27-22-101(a) and *Smith* to this case, we find that the named-driver exclusion excluding Mr. Dennis Smith from coverage is valid.

Affirmed.

JENNINGS, J., agrees.

ROAF, J., concurs.

ANDREE LAYTON ROAF, Judge, concurring. On December 12, 1997, Dennis J. Smith, a single man, purchased a policy of liability-only automobile insurance from appellee Atlantic Casualty Insurance Company, to cover his 1988 Ford Aerostar Van. In his application, under "driver information," Smith listed himself and his sister, who was also single. Nevertheless, in the same application, Smith contracted with Atlantic Casualty to exclude himself as driver of the insured vehicle. Nine days later, Smith was involved in an accident while driving the insured vehicle. He was at fault and allegedly caused injuries to the appellants.

After the appellants filed a negligence action against Smith in Desha County, Atlantic Casualty filed this action for declaratory judgment in Pulaski County Circuit Court, asking that the court

find that it had no obligations arising from the December 21, 1997, accident, due to the named-driver exclusion contained in Smith's policy. The trial court agreed and granted Atlantic Casualty's motion for summary judgment.

I concur with the decision to affirm the award of summary judgment, but only because the question of a named-driver-exclusion clause excluding from liability coverage the sole owner of a vehicle, while an issue of first impression in Arkansas, is a matter to be addressed by the General Assembly, not this court. Further, our supreme court has consistently upheld the validity of such provisions, albeit in cases involving facts distinguishable from the present case. *See Smith v. Shelter Mutual Ins. Co.*, 327 Ark. 208, 937 S.W.2d 180 (1997)(upholding a clause in an automobile liability insurance policy that excluded coverage to the minor son), *Cook v. Wausau Underwriters Ins. Co.*, 53 Ark. App. 106, 919 S.W.2d 515 (1996)(upholding a clause in an automobile liability insurance policy that excluded coverage to the spouse of the policy holder).

Arkansas does not have a statute dealing specifically with named-driver exclusions. These provisions are generally authorized by Ark. Code Ann. § 27-22-101(a) (Repl. 1994), which provides that: "This chapter is not intended in any way to alter or affect the validity of any policy provisions, *exclusions*, exceptions, or limitations contained in a motor vehicle insurance policy required by this chapter." (Emphasis added.) The chapter further provides in Ark. Code Ann. § 27-22-104(a)(1), that "It shall be unlawful for any person to operate a motor vehicle within this state unless the vehicle is covered by a certificate of self-insurance under the provisions of § 27-19-107, or by an insurance policy issued by an insurance company authorized to do business in this state."

Our neighbor to the south, Louisiana, has declared named-driver exclusions invalid as to liability coverage for a named insured, in *Williams v. U.S. Agencies Cas. Ins. Co., Inc.*, 758 So.2d 1010 (La. Ct. App. 2000). In *Williams*, the owner and operator of the vehicle, like Smith, was legally at fault in an accident involving the Williamses and, like Smith, had purchased a liability policy with a named-driver exclusion that purported to exclude him from coverage. However, the Louisiana Court of Appeal had far different legislation to work with in reaching its conclusion that such exclu-

sions are invalid. The relevant Louisiana statute, La. R. S. § 32-900(B)(2) provides that all automobile owner's liability policies:

> Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle.

The statute further provides that "notwithstanding the provisions of Paragraph (B)(2) of this Section, an insurer and an insured may by written agreement exclude from coverage any named person who is a resident of the same household as the named insured."

The Louisiana Court of Appeal found that the statute "clearly requires" that a policy provide coverage for the named insured. We have no comparable legislation in Arkansas. Consequently, insurance companies doing business in this state are free to issue liability policies such as the one issued to Dennis Smith, in which there is no liability coverage whatsoever from day one on the named owner-operator. Clearly, they may do so without fear of interference from this court.