MICHAEL J. OSTRANSKY, APPELLANT, V. STATE FARM INSURANCE COMPANY, A FOREIGN CORPORATION, APPELLEE.

566 N.W.2d 399

Filed July 25, 1997.   No. S-95-860.

James R. Welsh, of Bradford, Coenen & Welsh, and William C. Warnes for appellant.

Rex A. Rezac and Jill V. Perales, of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

CONNOLLY, J.

The appellant, Michael J. Ostransky, brought this action against appellee, State Farm Insurance Company, to declare his rights under an automobile policy of which he is an "insured," contending that the amount payable to him under the underinsured motorist coverage portion of the policy should not be offset by amounts he has received under the medical payments portion of the policy. We conclude that the insurance policy in question validly prohibits an insured from recovering medical expenses twice under both the medical payments coverage and the underinsured motorist coverage of the policy. Thus, we

affirm the district court's determination that Ostransky has been made whole for his injuries, thereby relieving State Farm of further liability.

## FACTS

The stipulated facts establish that Ostransky was injured in an automobile accident on October 21, 1990, sustaining $95,000 in damages. The accident was the direct and proximate result of Julie A. Bonnell's negligence. At the time of the accident, Bonnell was insured under a policy limiting bodily injury liability to $25,000 per person and $50,000 per accident. Bonnell's insurer paid its $50,000 policy limit to the passengers in the car operated by Ostransky, with Ostransky receiving $12,500. It is agreed that State Farm's financial responsibilities to Ostransky under the policy can be offset by this amount.

At the time of Ostransky's injuries, he was insured by State Farm under a policy providing underinsured motorist coverage with a limit of $100,000 per person. The policy also provided medical coverage with a limit of $25,000 per person. State Farm paid $14,228.90 to Ostransky under the medical coverage portion of the policy and $68,271.10 under the underinsured portion of the policy, for total payments of $82,500.

The insurance policy in question provides, in relevant part, that "[t]he liability, uninsured motor vehicle and underinsured motor vehicle coverages shall be excess over and shall not pay again any medical expenses paid under this coverage." Relying on this provision, State Farm informed Ostransky that its payment obligations under the policy were satisfied because the payments it made under the medical coverage and underinsured portions of the policy, when added with the $12,500 paid from Bonnell's insurer, fully compensated Ostransky for his $95,000 damages. Ostransky initiated this declaratory judgment action seeking an interpretation of the insurance policy, arguing that the amount payable to Ostransky under the underinsured provision should not be offset by the medical payments made under the policy, because separate premiums are paid for each. Ostransky therefore argued that State Farm owes him $14,228.90 under the underinsured motorist coverage.

The district court determined that State Farm had met its obligations under the policy because the $82,500 payments it

made to Ostransky added to the $12,500 paid by Bonnell's insurance company equal Ostransky's stipulated damages of $95,000. Ostransky's motion for new trial was overruled, and his appeal from that order is before us.

## ASSIGNMENT OF ERROR

Ostransky's sole assignment of error is that the district court erred in allowing State Farm to offset payments it made under its medical payments coverage from amounts due and owing under its underinsured motorist coverage.

## STANDARD OF REVIEW

When a declaratory judgment action presents a question of law, an appellate court, regarding questions of law, has an obligation to reach its conclusion independent from the conclusion reached by the trial court. *Burke v. Blue Cross Blue Shield,* 251 Neb. 607, 558 N.W.2d 577 (1997). See, also, *Luedke v. United Fire & Cas. Co., ante* p. 182, 561 N.W.2d 206 (1997); *Muller v. Tri-State Ins. Co., ante* p. 1, 560 N.W.2d 130 (1997).

## ANALYSIS

The issue in this case is whether State Farm can, by a contractual provision in its insurance policy, prevent the overlapping of benefits paid under the medical payments coverage and the underinsured motorist coverage provisions of the policy. The provision in question provides that "[t]he liability, uninsured motor vehicle and underinsured motor vehicle coverages shall be excess over and shall not pay again any medical expenses paid under this coverage." State Farm's position is clear: No insured can recover for medical expenses under the underinsured motorist coverage if such expenses have already been paid by the medical payment coverage.

This court has addressed a similar situation in the context of an uninsured motorist case in *Stephens v. Allied Mut. Ins. Co.,* 182 Neb. 562, 156 N.W.2d 133 (1968). There, an insured purchased a policy providing both uninsured motorist and medical payments coverage. When the insured was injured in an accident and attempted to recover under the uninsured motorist coverage, his insurer, pursuant to a provision in the policy, attempted to offset the amount it owed (the policy limit of

$10,000) by payments it had already made to the insured under the medical payments coverage of the policy ($1,000). The uninsured motorist statute at the time the policy was established required a minimum of $10,000 uninsured motorist coverage. As such, this court held that the policy offset provision was void and against public policy because if it were given effect, the reduction in the amount owed under the uninsured motorist coverage would drop below the statutory minimum. In reaching this conclusion, the court noted:

> The general rule is that an insurer may not limit its liability under uninsured motorist coverage by setoffs or limitations through "other insurance," excess insurance, or medical payment reduction clauses, and this is true even when the setoff for the reduction is claimed with respect to a separate, independent policy of insurance (workmen's compensation) or other insured motorist coverage. And this is true because the insured is entitled to recover the same amount he would have recovered if the offending motorist had maintained liability insurance.

*Id.* at 571, 156 N.W.2d at 139.

Recently, we have revisited the public policy rationale on two occasions. In *Muller v. Tri-State Ins. Co., supra,* the underinsured motorist policy in question contained a provision that provided that " '[a]ny amount payable for damages shall be reduced by all sums paid or payable under any workers' compensation, disability benefits or similar law.' " *Id.* at 3, 560 N.W.2d at 133. Relying on *Stephens v. Allied Mut. Ins. Co., supra,* we noted that the purpose of both the uninsured motorist statute in *Stephens* and the underinsured motorist statute in place when the policy under review was written "is to provide a means to make the victims of less than adequately insured motorists whole, or as nearly so as reasonably possible . . . ." *Muller v. Tri-State Ins. Co., ante* at 8, 560 N.W.2d at 135-36. That being the case, we held the reduction clause void because if workers' compensation benefits were deducted, the victim would not be made as economically whole as possible.

A similar provision was also rejected in *Luedke v. United Fire & Cas. Co., supra.* In that case, the victim was injured in an automobile accident, suffering $150,000 in damages. The

victim recovered $38,711.77 in workers' compensation benefits and $25,000 from the responsible driver. When the victim attempted to recover from his insurer under his underinsured motorist coverage (with a $100,000 limit), the insurer attempted to offset both the workers' compensation award and the funds received from the negligent driver. The insurer therefore offered the victim $61,288.23. Relying on *Muller v. Tri-State Ins. Co., supra,* we held the workers' compensation offset provision void and allowed the insurer to offset the underinsured motorist coverage ($100,000) by only the $25,000 the victim received from the negligent driver. To hold otherwise, we noted, would not make the victim as "whole" as possible. As it was, the victim received total benefits of $100,000, still $50,000 less than his damages.

Ostransky relies heavily on *Stephens v. Allied Mut. Ins. Co., supra,* for the proposition that any offset of underinsured motorist coverage by an amount already paid under the medical payment coverage is void. Such a blanket reading and application of the language in *Stephens* are unwarranted. The factual situation is that the court in *Stephens* demanded that the provision in question be held void, for as noted above, if the reduction clause had been enforced, the insurer would have had to pay only $9,000 in uninsured motorist coverage when the statute specifically required that a minimum of $10,000 worth of coverage be provided.

The instant case differs from *Stephens*, *Muller*, and *Luedke* in one important respect: The victim has been completely compensated for his injuries. Ostransky's damages totaled $95,000. Both parties agree that this amount should be reduced by the $12,500 Ostransky received from Bonnell, thereby leaving $82,500 in damages. Adding together the $14,228.90 State Farm paid under the medical payment coverage and the $68,271.10 paid under the underinsured motorist coverage makes Ostransky "whole." As noted in both *Muller* and *Luedke*, the purpose of the Underinsured Motorist Insurance Coverage Act is to provide a means whereby victims of less than adequately insured motorists are made as nearly whole as possible. That purpose has been met in the instant case as evidenced by Ostransky's being fully compensated for his $95,000 worth of

damages. Allowing Ostransky to recover an additional $14,228.90 under the guise of underinsured motorist claims would allow him to be compensated twice for medical payments. See, *Schultz v. Farmers Ins. Group*, 167 Ariz. 148, 805 P.2d 381 (1991) (nonduplication of medical benefits endorsement valid, provided insured receives full compensation for loss); *Barnes v. Allstate Ins. Co.*, 608 So. 2d 1045 (La. App. 1992) (where damages do not exceed uninsured/underinsured policy limits and language of policy allows, insurance carrier is entitled to credit for any amount paid to insured under medical payments coverage); *Taxter v. Safeco Insurance Co.*, 44 Wash. App. 121, 721 P.2d 972 (1986) (personal injury protection coverage setoff against underinsured motorist coverage valid only when insured's damages are less than policy limits; where damages are greater, public policy dictates against offset).

The " 'parties to an insurance contract may contract for any lawful coverage, and the insurer may limit its liability and impose restrictions and conditions upon its obligation under the contract not inconsistent with public policy or statute.' " *Muller v. Tri-State Ins. Co.*, 252 Neb. 1, 6, 560 N.W.2d 130, 134 (1997) (quoting *Design Data Corp. v. Maryland Cas. Co.*, 243 Neb. 945, 503 N.W.2d 552 (1993)). The provision in the policy issued by State Farm does not run afoul of the Underinsured Motorist Insurance Coverage Act because it does not prevent Ostransky from being fully compensated for his injuries. Thus, despite the fact that separate premiums were paid for the medical payment coverage and the underinsured motorist coverage, a valid contract was entered into with State Farm, and Ostransky should not be allowed to receive extra compensation (in the form of double recovery of medical expenses) that was not bargained for.

## CONCLUSION

Because the insurance provision in question does not prevent Ostransky from being fully compensated, we conclude that the district court was correct in determining that State Farm has fulfilled its obligations under the insurance policy.

AFFIRMED.

WHITE, C.J., dissents.