DANIEL DOMJAN, M.D., APPELLANT AND CROSS-APPELLEE,
v. FAITH REGIONAL HEALTH SERVICES, APPELLEE
AND CROSS-APPELLANT.

735 N.W.2d 355

Filed July 6, 2007. No. S-05-1463.

Gregory C. Scaglione and Heather S. Voegele, of Koley Jessen, P.C., L.L.O., for appellant.

Timothy E. Brogan, of Brogan & Gray, P.C., L.L.O., and Christopher R. Hedican, of Baird Holm, L.L.P., for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
Daniel Domjan, M.D., appellant and cross-appellee, brought this breach of contract action against Faith Regional Health Services (Faith Regional), appellee and cross-appellant. In the fall of 2001, Domjan and Faith Regional entered into three contracts, a "Recruitment Agreement" (Recruitment Agreement), an "Agreement to Provide Medical Direction and Clinical Services for the Specialty of Cardiothoracic Surgery" (Director

Agreement), and a "Cardiovascular Services Promotional Agreement" (Promotional Agreement). These three contracts formed the basis of the present lawsuit. Each agreement related to Domjan's providing cardiothoracic surgery services in the Norfolk, Nebraska, area. Faith Regional later terminated the agreements, claiming, in summary, that Domjan had failed to perform the terms of the agreements.

Domjan sued Faith Regional in the district court for Madison County, Nebraska, for breach of each of the three agreements. Faith Regional denied the alleged breaches of contract, and, as to the Recruitment Agreement, Faith Regional filed a counter-claim against Domjan, claiming that Domjan had breached the terms of the Recruitment Agreement. The matter came on for trial, and a jury found in favor of Domjan on his claim against Faith Regional for breach of the Recruitment Agreement and rejected Faith Regional's counterclaim as to the Recruitment Agreement. The jury also found in favor of Domjan on his claim that Faith Regional had breached the Director Agreement. The jury rejected Domjan's claim that Faith Regional had breached the Promotional Agreement. The district court entered judgment on the jury's verdicts.

Following the jury's verdicts, Domjan filed an application for attorney fees, and Faith Regional filed a motion for new trial. The district court overruled Domjan's application for attorney fees. In a separate order, the district court sustained in part, and in part overruled Faith Regional's motion for new trial. The district court overruled that portion of Faith Regional's motion seeking a new trial on liability issues, but sustained the motion to the extent it sought a new trial limited to the issue of Domjan's damages for Faith Regional's breach of the Recruitment Agreement.

Domjan appeals from the district court's orders denying his motion for attorney fees and sustaining Faith Regional's motion for new trial as to damages for its breach of the Recruitment Agreement. Faith Regional cross-appeals from that part of the district court's order that overruled its motion for new trial, in which it sought a new trial as to liability with respect to the Recruitment Agreement and the Director Agreement.

We take up Faith Regional's cross-appeal first because disposition of the cross-appeal determines the outcome of the appeal. We conclude that the district court committed prejudicial error in the giving of its jury instructions. We therefore reverse that portion of the district court's order denying Faith Regional's motion for new trial on Domjan's claims that Faith Regional breached the Recruitment Agreement and the Director Agreement and on Faith Regional's counterclaim that Domjan breached the Recruitment Agreement. We remand the cause for a new trial on Domjan's claim and Faith Regional's counterclaim with respect to the Recruitment Agreement and Domjan's claim that Faith Regional breached the Director Agreement. Because the jury verdict with respect to the Promotional Agreement is not challenged on appeal, the judgment entered with respect to the Promotional Agreement stands. Further, because our decision with regard to Faith Regional's cross-appeal is dispositive of the issues raised in this appeal, we do not reach the errors assigned by Domjan in his direct appeal.

## STATEMENT OF FACTS

In the fall of 2001, Faith Regional successfully recruited Domjan to engage in the practice of cardiothoracic surgery in the Norfolk area. As part of the process, Domjan and Faith Regional entered into a series of separate agreements. The Recruitment Agreement was executed by the parties in September 2001 and provided, inter alia, that Domjan would relocate to Norfolk and use his "best efforts to establish a successful, stable medical practice." In return, Faith Regional agreed to pay Domjan certain amounts as a moving allowance and a signing bonus. Faith Regional also agreed to provide Domjan a "net operating income" for a certain period of time. This feature of the Recruitment Agreement was effectively an income support provision by which Faith Regional would periodically lend Domjan money if his income failed to reach a certain level. The Recruitment Agreement provided that Domjan worked as an independent contractor and further provided that Faith Regional was obligated each year to issue an Internal Revenue Service 1099 tax form for the moneys it paid Domjan under the agreement. The Recruitment Agreement provided that either Domjan or Faith Regional could terminate the agreement

"for cause," which the agreement more specifically defined as a "material breach or default" by either party.

On September 10, 2001, Domjan and Faith Regional entered into the Director Agreement under which Domjan agreed, inter alia, to manage and develop the Faith Regional "Division of Cardiothoracic Surgery," in exchange for which he would receive $125 an hour not to exceed 1,000 hours annually. The Director Agreement stated that Domjan provided services under the contract as an independent contractor and not as an employee of Faith Regional and further provided that Domjan was to pay for "his own debts, obligations, acts, and omissions, including payment of all required withholding, social security and other taxes, malpractice insurance, and benefits." Either Domjan or Faith Regional could terminate the Director Agreement "for cause," which the agreement more specifically defined as a "material breach or default" by either party.

Finally, Domjan and Faith Regional entered into the Promotional Agreement, which, inter alia, provided that Faith Regional would pay Domjan certain sums for its use of Domjan's name in promotional activities.

The record reflects that after Domjan began providing cardiothoracic services at Faith Regional, disputes arose between the parties concerning, inter alia, the nature and quality of the services provided by Domjan and Domjan's relationship with other staff members. In 2003 and early 2004, Faith Regional terminated its various agreements with Domjan. In response to Faith Regional's termination of the agreements, Domjan filed a breach of contract action against Faith Regional. In his amended complaint filed on January 5, 2004, the operative complaint for purposes of this appeal (the complaint), Domjan claimed that Faith Regional had breached its obligations to him under each of the three agreements. As relief, Domjan sought "general damages" and "lost income," as well as prejudgment and post-judgment interest, attorney fees, and costs.

On February 5, 2004, Faith Regional filed its "Answer to Amended Complaint, Affirmative Defenses, and Counterclaim." In addition to generally denying the material allegations contained in Domjan's complaint, Faith Regional asserted a counterclaim against Domjan, in which it claimed that Domjan had

breached his obligations to Faith Regional under the Recruitment Agreement. For its damages, Faith Regional sought judgment in the amount of $577,903.84.

The case came on for a jury trial in the fall of 2005. A total of 22 witnesses testified during the trial. Eighty-eight exhibits, consisting of several hundred pages, were offered into evidence. Included in the evidence were copies of Domjan's federal tax returns for the period of time during which Domjan's agreements with Faith Regional were in effect. In those returns, Domjan reported that he was self-employed.

The jury was instructed by the district court, and following deliberations, on September 30, 2005, the jury returned its verdicts. The jury found in favor of Domjan on his claim for breach of the Recruitment Agreement and rejected Faith Regional's counterclaim claiming that Domjan had breached the Recruitment Agreement. The jury awarded Domjan damages in the amount of $1,233,588,16. The jury further found in favor of Domjan on his claim for breach of the Director Agreement and awarded Domjan damages in the amount of $84,150. The jury rejected Domjan's claim that Faith Regional had breached the Promotional Agreement. On October 4, the district court entered judgment in accordance with the jury's verdicts.

The parties filed a series of posttrial motions. Prior to trial, Domjan had filed an application for attorney fees, which application he amended following trial. In his amended application filed October 11, 2005, Domjan asserted in summary that he was an employee of Faith Regional and that Faith Regional had violated the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. §§ 48-1228 to 48-1232 (Reissue 2004), when it failed to pay him certain sums under the various agreements. Domjan also asserted that as a result of the jury verdicts in his favor, he was entitled to attorney fees, court costs, and damages to be awarded to the Nebraska School Fund.

On October 14, 2005, Faith Regional filed a motion for new trial, asserting that it was entitled to a new trial due to irregularities in the proceedings, excessive damages, errors in the assessment of damages, jury verdicts that were contrary to the evidence, and errors in the law. Faith Regional sought a new trial

on the jury's verdicts in favor of Domjan on the Recruitment Agreement, in favor of Domjan on the Director Agreement, and in favor of Domjan and against Faith Regional on its counterclaim concerning the Recruitment Agreement.

The posttrial motions came on for hearing on November 3, 2005. In an order filed November 23, the district court denied Domjan's amended application for attorney fees, concluding, in summary, that based upon the evidence adduced at trial, Domjan was an independent contractor and not an employee of Faith Regional. In a separate order also filed November 23, the district court denied Faith Regional's motion for new trial to the extent it sought a new trial as to liability on the jury's verdicts in favor of Domjan on the Recruitment Agreement and the Director Agreement and in favor of Domjan and against Faith Regional on its counterclaim on the Recruitment Agreement. With regard to the jury's verdict on Domjan's claim for breach of the Recruitment Agreement, the district court determined that there was sufficient evidence adduced at trial by which the jury could find that Faith Regional had breached its obligations under that agreement. The district court further determined, however, that the jury had failed to follow its jury instruction No. 6 with regard to the calculation of damages for Faith Regional's breach of the Recruitment Agreement. Accordingly, the district court ordered a new trial limited to the issue of Domjan's damages resulting from Faith Regional's breach of the Recruitment Agreement.

Domjan appeals from that portion of the district court's order that ordered a new trial on Domjan's damages sustained as a result of Faith Regional's purported breach of the Recruitment Agreement, as well as from the district court's order denying his amended application for attorney fees. Faith Regional cross-appeals from that portion of the district court's order that denied Faith Regional's motion seeking a new trial on Domjan's claims that Faith Regional breached the Recruitment Agreement and the Director Agreement, as well as that portion of the order that denied Faith Regional's motion for a new trial on its counterclaim claiming that Domjan breached the Recruitment Agreement.

## ASSIGNMENTS OF ERROR

On appeal, Domjan assigns numerous errors that we restate. Domjan claims that the district court erred (1) in sustaining Faith Regional's motion for new trial and vacating the damages portion of the $1,233,588.16 judgment on Domjan's claim that Faith Regional breached the Recruitment Agreement and (2) in denying Domjan's application for attorney fees. Domjan also claims that if this court determines on appeal that the district court did not err in sustaining part of Faith Regional's motion for new trial, then the district court erred in ordering a new trial on damages when it should have merely reduced the amount of the judgment to $205,471.16.

For its cross-appeal, Faith Regional assigns three errors. Faith Regional claims that the district court erred (1) in denying Faith Regional's motion for new trial on the issue of Domjan's claim that Faith Regional breached the Recruitment Agreement; (2) in denying Faith Regional's motion for new trial on the issue of Domjan's claim that Faith Regional breached the Director Agreement; and (3) in denying Faith Regional's motion for new trial on its counterclaim.

## STANDARDS OF REVIEW

■ A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion. *Roth v. Wiese*, 271 Neb. 750, 716 N.W.2d 419 (2006).

■ Whether a jury instruction given by a trial court is correct is a question of law. *Worth v. Kolbeck, ante* p. 163, 728 N.W.2d 282 (2007). When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Id.*

## ANALYSIS

We first take up the assignments of error presented by Faith Regional's cross-appeal, because resolution of these issues is dispositive of this case. For its cross-appeal, Faith Regional asserts that the district court erred in denying its motion for new trial on Domjan's claims that Faith Regional breached the Recruitment Agreement and the Director Agreement, as well as

on Faith Regional's counterclaim against Domjan for breach of the Recruitment Agreement.

Faith Regional specifically claims that the district court erred as a matter of law in giving instruction No. 6, which read as follows:

> If you find in favor of Dr. Domjan on any of his claims for breach of contract, then you must determine the amount of Dr. Domjan's damages.
>
> Dr. Domjan is entitled to recover the amount of the salary agreed upon for the period agreed to, minus the amount of money Dr. Domjan earned or reasonably could have earn [sic] from other employment during that same time.
>
> If you find in favor of Dr. Domjan but do not find any actual damages, then you may award Dr. Domjan no more than a nominal sum.

With regard to this instruction, Faith Regional notes that it objected to the instruction during the instruction conference and that although the district court had agreed to modify instruction No. 6 by changing "salary" to "compensation," it later failed to do so. Faith Regional claims that instruction No. 6 is incorrect and prejudicial. Faith Regional argues that, to its detriment, instruction No. 6 uses employment terms to describe Domjan's working relationship with Faith Regional and Domjan was not an employee. Faith Regional states that it was prejudiced by this instruction because an employment relationship has different responsibilities from those of an independent contractor relationship.

Faith Regional further asserts that the error surrounding instruction No. 6 was compounded by the remainder of the instructions and in particular, the giving of instruction No. 11. Instruction No. 11, read, in pertinent part, as follows: "[g]ood cause for dismissal is that which a reasonable employer, acting in good faith, would regard as good and sufficient reason for terminating the services of an employee as distinguished from arbitrary and capricious." Faith Regional claims that this instruction was incorrect because the actual agreements at issue permitted Faith Regional to terminate the agreements "for cause," which was defined as a "material breach or default" by Domjan. Faith Regional also argues that instruction No. 11 was incorrect

because it states that Domjan worked with Faith Regional as an "employee," whereas Domjan was an independent contractor. Faith Regional claims that by giving this instruction, the district court improperly instructed the jury on the standard under which Faith Regional could terminate the Recruitment Agreement and Director Agreement and that it was prejudiced thereby.

We agree with Faith Regional that taken as a whole, the manner by which the district court instructed the jury resulted in instructions that were misleading, confused the jury, and constituted prejudicial error. As a result, the district court abused its discretion when it denied Faith Regional's motion for new trial. We therefore reverse that portion of the district court's order that denied Faith Regional's motion for new trial and remand the cause for a new trial on Domjan's claims that Faith Regional breached the Recruitment Agreement and Director Agreement, as well as on Faith Regional's counterclaim against Domjan for breach of the Recruitment Agreement.

■ In reaching our conclusion, we note that jury instruction No. 6 utilized terms such as "other employment" and "salary" when instructing the jury. These terms indicate that Faith Regional and Domjan had an employer-employee relationship. Such a relationship, however, was not supported by the evidence. The evidence at trial included the agreements, which defined Domjan's relationship with Faith Regional as one of an independent contractor, and Domjan's tax records, in which he reported that he was self-employed. Submission of an issue on which the evidence is insufficient to sustain an affirmative finding is generally prejudicial and results in a new trial. *Jay v. Moog Automotive*, 264 Neb. 875, 652 N.W.2d 872 (2002). Thus, the inclusion of employment terms in instruction No. 6 to describe the parties' relationship, when the evidence adduced at trial was insufficient to establish an employment relationship, was incorrect, confused the jury as to the parties' rights and responsibilities under the agreements, and constituted prejudicial error. See *Thompson v. Florida Drum Co.*, 651 So. 2d 180, 182 (Fla. App. 1995) (stating that when evidence adduced at trial indicated certain individuals were independent contractors, "it [was] error to instruct the jury" that they were "employees").

■ The error surrounding instruction No. 6 is compounded when we consider the jury instructions taken as a whole. Compare *Worth v. Kolbeck, ante* p. 163, 728 N.W.2d 282 (2007) (stating that jury instructions do not constitute prejudicial error if, taken as a whole, they correctly state law, are not misleading, and adequately cover issues supported by pleadings and evidence). In this regard, as previously noted, Faith Regional directs our attention to instruction No. 11 in which the jury was instructed that a reasonable employer could terminate the services of an employee for good cause. Both the Recruitment Agreement and the Director Agreement provide that Faith Regional could terminate the agreements "for cause," which the controlling agreements defined as a "material breach or default" by Domjan. We have stated that "[w]hether or not a breach is material and important is a question of degree which must be answered by weighing the consequences of the breach in light of the actual custom of persons in the performance of contracts similar to the one involved in the specific case." *Phipps v. Skyview Farms*, 259 Neb. 492, 499, 610 N.W.2d 723, 730-31 (2000). The district court did not instruct the jury on the standard for a material breach to which the parties had agreed. Instead, the district court instructed the jury as to a "good cause" standard for dismissal from employment. We conclude that this instruction was incorrect and had the effect of confusing the jury, by instructing the jury to evaluate the breach of contract claims under a standard for termination of the agreements that was not agreed to by the parties. Furthermore, instruction No. 11 erroneously perpetuated the characterization of the relationship of the parties as an employer-employee relationship.

■ Whether a jury instruction given by a trial court is correct is a question of law. *Worth v. Kolbeck, supra.* In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *Id.* Jury instructions do not constitute prejudicial error if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and evidence. *Id.* A litigant is entitled to have the jury instructed upon only those theories of the case

that are presented by the pleadings and which are supported by competent evidence. *Id.*

 Here, the jury was given instructions that incorrectly described the relationship between the parties as an employer-employee relationship and, additionally, delivered incorrect instructions on the standard to apply when determining whether Faith Regional properly terminated the Recruitment Agreement and Director Agreement. The instructions taken as a whole did not comport with the evidence adduced at trial. A party's right to a fair trial may be substantially impaired by jury instructions that confuse or mislead the jury. See *Pribil v. Koinzan*, 266 Neb. 222, 665 N.W.2d 567 (2003). The instructions in this case were not correct and were prejudicial. We conclude as a matter of law that instruction No. 6 was prejudicial error, and because of the potential for confusion created by instructions Nos. 6 and 11, the district court abused its discretion in denying Faith Regional's motion for new trial. We therefore reverse the district court's order overruling Faith Regional's motion for new trial on Domjan's claims that Faith Regional breached the Recruitment Agreement and the Director Agreement, and on Faith Regional's counterclaim asserting that Domjan breached the Recruitment Agreement and remand the cause for a new trial.

 Because we are ordering a new trial on Domjan's claims that Faith Regional breached the Recruitment Agreement and the Director Agreement, as well as a new trial on Faith Regional's counterclaim that Domjan breached the Recruitment Agreement, a discussion of Domjan's assignments of error is not necessary. An appellate court is not obligated to engage in an analysis that is not needed to adjudicate the controversy before it. *Castillo v. Young*, 272 Neb. 240, 720 N.W.2d 40 (2006).

## CONCLUSION

For the reasons discussed above, we conclude that the district court abused its discretion when it denied Faith Regional's motion for new trial. We reverse that portion of the district court's order that denied Faith Regional's motion and remand the cause for a new trial on Domjan's claims that Faith Regional breached the Recruitment Agreement and Director Agreement, as well as on Faith Regional's counterclaim against Domjan for

breach of the Recruitment Agreement. The judgment entered on the jury's verdict with respect to the Promotional Agreement stands and is not affected by the disposition of this appeal.

REVERSED AND REMANDED FOR A NEW TRIAL.