758 N.W.2d 36 (2008)
276 Neb. 908
Mary M. VAN ERT, Personal Representative of the Estate of Leonard Van Ert, Deceased, Appellee and Cross-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant and Cross-Appellee.
No. S-07-1121.
Supreme Court of Nebraska.
December 12, 2008.
*37 Stephanie F. Stacy and John J. Heieck, of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., Lincoln, and Justin Herrmann, of Jacobsen, Orr, Nelson, Wright & Lindstrom, P.C., Kearney, for appellant.
Keith A. Harvat and Amy L. Patras, of Waite, McWha & Harvat, North Platte, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
HEAVICAN, C.J.

INTRODUCTION
State Farm Mutual Automobile Insurance Company (State Farm) appeals the Lincoln County District Court's grant of *38 summary judgment to Mary M. Van Ert (Van Ert), the personal representative of the estate of Leonard Van Ert (Leonard). Leonard was killed in a motor vehicle accident on June 18, 2005, while driving his 1996 Nissan pickup. Leonard had a policy from State Farm on both the pickup and his 1988 Jeep Wrangler, and Van Ert sought the full amount of uninsured/underinsured motorist (UM/UIM) benefits under each policy. State Farm claimed the policy excluded collecting benefits from the policy on the Jeep, because Leonard was not driving the Jeep at the time of the accident.
The district court granted summary judgment to Van Ert, finding that the exclusion in State Farm's policy was more restrictive than allowed by state law. State Farm appeals. We reverse the decision of the district court and remand with directions to grant summary judgment to State Farm.

BACKGROUND
Leonard was killed by a drunk driver in a motor vehicle accident on June 18, 2005. At the time of the accident, Leonard was driving a Nissan pickup insured by State Farm. The owner of the other vehicle had insured her automobile through Progressive Northern Insurance Company. That insurance policy had a bodily injury liability limit of $50,000, which did not cover the amount of Leonard's damages. Van Ert received the amount of the insurance policy limits from Progressive Northern Insurance Company and then demanded payment of the UM/UIM benefits from State Farm under the insurance policy on the Jeep.
The insurance policy on the Nissan had UM/UIM coverage of up to $25,000, which was also insufficient to cover Leonard's damages. The insurance policy on the Jeep had UM/UIM coverage of up to $100,000. Van Ert claimed that State Farm was statutorily required to compensate her up to the highest limit of any one of the insurance policies under Neb.Rev. Stat. § 44-6411 (Reissue 2004).
State Farm refused to pay out to the limits of the insurance policy on the Jeep, but did pay Van Ert $25,000, the UM/UIM liability amount under the insurance policy on the Nissan. In denying Van Ert's claim, State Farm relied on language in the Jeep's insurance policy that specifically excluded coverage for bodily injury if the insured was driving a vehicle that he or she owned but was not covered under that insurance policy. Van Ert brought an action for the entire amount of UM/UIM coverage under the second insurance policy. Each party filed a motion for summary judgment, alleging there were no genuine issues of material fact.
The district court awarded summary judgment to Van Ert, determining that the exclusion under the insurance policy was more restrictive than allowed by Nebraska law. The district court then awarded Van Ert the full amount of the UM/UIM insurance under the insurance policy for the Jeep, plus costs and attorney fees. State Farm appealed.
Van Ert cross-appealed, claiming that the insurance policy was vague and ambiguous, and also that the district court erred in not granting prejudgment interest. We granted Van Ert's petition to bypass.

ASSIGNMENT OF ERROR
State Farm's three assignments of error can be consolidated as one: that the district court erred when it granted summary judgment to Van Ert by determining the insurance policy exclusion violated Neb. Rev.Stat. § 44-6413 (Reissue 2004).

*39 STANDARD OF REVIEW
[1] Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[1]
[2] Statutory interpretation is a matter of law, in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the trial court.[2]
[3] The interpretation of an insurance policy is a question of law, in connection with which an appellate court has an obligation to reach its own conclusions independently of the determination made by the trial court.[3]

ANALYSIS

INSURANCE POLICY DOES NOT VIOLATE § 44-6413
We first address whether the insurance policy was more restrictive than allowed under the statute. The Uninsured and Underinsured Motorist Insurance Coverage Act (UUMICA) requires an insurance company to provide coverage for those injured or killed in a motor vehicle accident with an uninsured or underinsured motorist.[4] Section 44-6413 provides exceptions to the requirement that insurance companies provide UM/UIM coverage. Section 44-6413(1)(b) provides an exception for "[b]odily injury, sickness, disease, or death of an insured while occupying a motor vehicle owned by, but not insured by, the named insured or a spouse or relative residing with the named insured."
Leonard was driving the Nissan at the time of the accident, and Van Ert collected the UM/UIM insurance under that insurance policy. Van Ert also wanted to recover under the UM/UIM insurance policy on the second vehicle, the Jeep. The Jeep's UM/UIM insurance policy contained the following exclusion: "FOR BODILY INJURY TO AN INSURED:... WHILE OCCUPYING A MOTOR VEHICLE OWNED BY YOU, YOUR SPOUSE OR ANY RELATIVE IF IT IS NOT INSURED FOR THIS COVERAGE UNDER THIS POLICY." Van Ert claimed, and the district court agreed, that the provision violated the statute because it was more restrictive than § 44-6413(1)(b).
[4] In essence, Van Ert asserts that by adding the words "this policy" to the exclusionary statement, State Farm rendered its insurance policy more restrictive than allowed under the statute. State Farm argues that its provision is congruent with the statute and that § 44-6413(1)(b) can be read as "owned by the insured, but not insured by that policy." We find that the insurance policy can be read in harmony with that statute.
We recently addressed whether an insurance policy was more restrictive than the UUMICA in Steffen v. Progressive Northern Ins. Co.,[5] and the Court of Appeals addressed the same issue in Danner *40 v. State Farm Mut. Auto. Ins. Co.[6]Steffen and Danner are inapplicable to the present case, because the language in those insurance policies was in direct conflict with the statute. Such is not the case here. The statutory language "owned by, but not insured by" can be interpreted as "owned by, but not insured by that policy." We agree with State Farm that a commonsense reading of the statute would allow an insurance company to restrict coverage to the vehicle insured under the insurance policy in question.
[5] We have stated that the parties to an insurance contract may contract for any lawful coverage, and an insurer may limit its liability and impose restrictions and conditions upon its obligation under the contract not inconsistent with public policy or statute.[7] As discussed below, prior case law supports reading the insurance policy in harmony with the statute. Such a reading does not violate the public policy underpinning the UUMICA.

RESTRICTION DOES NOT VIOLATE PUBLIC POLICY
The public policy behind requiring UM/UIM insurance is to protect the insured from an uninsured or underinsured motorist.[8] State Farm argues that under Van Ert's reasoning, an insured would be able to insure one vehicle for the maximum amount while underinsuring all other owned vehicles, State Farm cites two cases in support of its position that it can restrict UM/UIM coverage to the vehicle named in the insurance policy: Shipley v. American Standard Ins. Co.[9] and Herrick v. Liberty Mut. Fire Ins. Co.[10]
In Shipley, the plaintiff was injured while operating his uninsured motorcycle. The plaintiff's insurance policy covered his automobile, but not the motorcycle. The insurance policy restricted coverage to the "`Described Automobile.'"[11] This court determined that the insurance policy's restriction to the named automobile in the insurance policy did not violate Nebraska law, because "[t]he statute was designed to protect innocent victims of negligent and financially irresponsible motorists.... An overriding public policy of protecting an owner-operator who inexcusably has no applicable bodily injury liability coverage is not presently discernible."[12] The court determined that the insurance policy language controlled and that the motorcycle was not covered.
We affirmed that reasoning in Herrick, stating that "[i]t is difficult to find a policy in the statute to protect one uninsured motorist from another uninsured motorist."[13] Although the statutory provisions cited in these two cases have since been superseded by the current UUMICA, the requirement that an insurance carrier provide UM/UIM coverage has not changed. Both Shipley and Herrick involved plaintiffs who suffered injuries from a collision with an uninsured or underinsured motorist and who attempted to recover from *41 their UM/UIM policies for injuries received. In both cases, neither insurance policy covered the vehicle the plaintiff was driving at the time of the accident. The reasoning of this court, that the statute was not meant to protect one uninsured or underinsured motorist from another, applies to Van Ert's case as well.
As previously noted, we have generally allowed limitations on liability unless those limitations violate statutory provisions or public policy.[14] We have also consistently enforced unambiguous insurance contracts.[15] Allowing Van Ert to recover under the Jeep's insurance policy would encourage drivers to insure one vehicle while underinsuring any other vehicles they own. We therefore reverse the district court's order and remand with directions to grant summary judgment for State Farm. Because we reverse the district court's award to Van Ert, we need not address Van Ert's cross-appeal.

CONCLUSION
Our prior case law has allowed insurance companies to limit their liability as long as those limitations do not violate statutes or public policy. We find that the language of the State Farm insurance policy is not more restrictive than the statute, nor does it violate the public policy of this state. We therefore reverse the decision of the district court with directions to enter judgment in favor of State Farm.
REVERSED AND REMANDED WITH DIRECTIONS.
NOTES
[1] Hughes v. Omaha Pub. Power Dist., 274 Neb. 13, 735 N.W.2d 793. 274 Neb. 13, 735 N.W.2d 793 (2007).
[2] Japp v. Papio-Missouri River NRD, 271 Neb. 968, 716 N.W.2d 707 (2006).
[3] Jones v. Shelter Mut. Ins. Cos., 274 Neb. 186, 738 N.W.2d 840 (2007).
[4] Neb.Rev.Stat. § 44-6408 (Reissue 2004).
[5] Steffen v. Progressive Northern Ins. Co., 276 Neb. 378, 754 N.W.2d 730 (2008).
[6] Danner v. State Farm Mut. Auto. Ins. Co., 7 Neb.App. 47, 578 N.W.2d 902 (1998).
[7] American Family Ins. Group v. Hemenway, 254 Neb. 134, 575 N.W.2d 143 (1998).
[8] Herrick v. Liberty Mut. Fire Ins. Co., 202 Neb. 116, 274 N.W.2d 147 (1979); Shipley v. American Standard Ins. Co., 183 Neb. 109, 158 N.W.2d 238 (1968).
[9] Shipley, supra note 8.
[10] Herrick, supra note 8.
[11] Shipley, supra note 8, 183 Neb. at 111, 158 N.W.2d at 240.
[12] Id. at 112, 158 N.W.2d at 240.
[13] Herrick, supra note 8, 202 Neb. at 119, 274 N.W.2d at 149.
[14] See, Lynch v. State Farm Mut. Auto. Ins. Co., 275 Neb. 136, 745 N.W.2d 291 (2008); Hemenway, supra note 7; Ploen v. Union Ins. Co., 253 Neb. 867, 573 N.W.2d 436 (1998); State Farm Mut. Auto. Ins. Co. v. Hildebrand, 243 Neb. 743, 502 N.W.2d 469 (1993).
[15] See, Jones, supra note 3; Ostransky v. State Farm Ins. Co., 252 Neb. 833, 566 N.W.2d 399 (1997); Farm Bureau Ins. Co. v. Bierschenk, 250 Neb. 146, 548 N.W.2d 322 (1996).