766 N.W.2d 118 (2009)
277 Neb. 874
David KLINE and Patricia L. Kline, Appellants,
v.
FARMERS INSURANCE EXCHANGE, Appellee.
No. S-07-325.
Supreme Court of Nebraska.
June 5, 2009.
*120 John C. Wieland and Kevin J. McCoy, of Dwyer, Smith, Gardner, Slusky, Lazer, Pohren & Rogers, L.L.P., Omaha, for appellants.
Daniel P. Chesire, of Lamson, Dugan & Murray, L.L.P., Omaha and Raymond E. Walden, of Walden Law Office, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
McCORMACK, J.

I. NATURE OF CASE
Farmers Insurance Exchange (Farmers) petitioned for further review the decision *121 of the Nebraska Court of Appeals finding an exclusion in its automobile insurance policy to be void as against public policy. The exclusion denies underinsured motorist (UIM) coverage when a person is injured while occupying a vehicle he or she does not own but is insured for UIM coverage under another policy. We granted Farmers' petition for further review. We affirm.

II. BACKGROUND
For the most part, the facts of this case are undisputed. On December 29, 2001, David Kline was returning from work, driving a 1985 GMC Suburban, when Donald C. Minard turned left in front of the Suburban. The vehicles collided, and, as a result of the collision, David was injured. David is the sole shareholder of "Blade Home Improvement LLC" (Blade), a Nebraska limited liability company. Blade is the titled owner of the Suburban.
The Suburban was insured through American Family Mutual Insurance Company (American Family) for collision and liability, and the policy included UIM benefits of $100,000 per person and $300,000 per accident. David and Patricia L. Kline also held a personal automobile insurance policy through Farmers providing UIM benefits of $500,000 per person and $500,000 per accident. The only vehicle listed under the Farmers' policy was the Klines' family vehicle, a 2001 Ford Windstar van.
The Klines filed suit against Minard for the injuries David sustained from the accident, and they also named as defendants Farmers and American Family. The Klines sought a determination of liability for the UIM benefits under the insurance policies and for payment under those policies. Minard's insurance company paid its policy limit of $25,000 on his behalf, and Minard was dismissed from the case. Before settling with Minard, both American Family and Farmers waived subrogation rights. American Family then paid its maximum per person coverage of $100,000 in UIM benefits and was also dismissed from the case.
The Klines thus received a total of $125,000 from the settling defendants. But the Klines assert that their damages exceeded that amount. Farmers, the sole remaining defendant, filed a motion for summary judgment. The Klines did not cross-motion for summary judgment. In support of its motion, Farmers argued that its insurance policy with the Klines contained two relevant exclusions that prohibited them from recovering. Under the UIM section, the policy stated:
This coverage does not apply to bodily injury sustained by a person:
(1) While occupying any vehicle owned by you or a family member for which insurance is not afforded under this policy or though [sic] being struck by that vehicle.
....
(4) If the injured person was occupying a vehicle you do not own which is insured for this coverage under another policy.
(Emphasis supplied.)
At the motion for summary judgment hearing, Farmers argued that if the court determined that David was actually the owner of the Suburban and not Blade, then exclusion No. 1 (hereinafter referred to as the "owned-but-not-insured" exclusion) applied, which would preclude coverage under the policy. But, if the court concluded that Blade was the owner of the Suburban and not David, then exclusion No. 4 (hereinafter referred to as the "not-owned-but-insured" exclusion) applied.
No evidence was introduced to refute that Blade was the actual owner of the *122 Suburban. To the contrary, the Klines maintained that the owned-but-not-insured exclusion was inapplicable because Blade, and not David, was the owner of the Suburban. In support of their argument, the Klines offered the American Family insurance policy listing Blade as the owner of the Suburban and they offered David's deposition testimony that Blade owned the Suburban. Farmers responded that by piercing the corporate veil, the court could conclude that David was the actual owner of the Suburban, but Farmers did not introduce any evidence to support this allegation.
The Klines' argument regarding the not-owned-but-insured exclusion was twofold. First, the Klines argued that "this coverage" as used in the not-owned-but-insured exclusion is ambiguous. They maintained that the language could refer to both the type of coverage and the amount of coverage. And since Farmers drafted the policy, the language should be construed against Farmers to mean the amount of coverage. Since the amount of the UIM coverage provided through Blade's contract with American Family was a different amount than the UIM coverage provided through Farmers' policy with the Klines, the Klines argued that the exclusion from "this coverage" did not apply.
Second, the Klines argued that even if the not-owned-but-insured exclusion was unambiguous as to what "this coverage" meant, then the exclusion violated public policy, because it allowed Farmers to deny UIM benefits whenever underinsured coverage was available in a lesser amount under another policy, preventing an insured from receiving full indemnification to the extent of the highest policy limit as mandated by Nebraska's stacking statute codified at Neb.Rev.Stat. § 44-6411 (Reissue 2004).
The district court granted Farmers' second motion for summary judgment, concluding that based on the evidence submitted by the parties, the Farmers' policy excluded coverage whether David owned the Suburban or not. The court concluded that the "this coverage" language contained in the not-owned-but-insured exclusion was not ambiguous and referred only to the type of coverage, not the amount of coverage. The court also found that the not-owned-but-insured exclusion did not violate public policy. The court then reasoned that if David owned the Suburban, then the owned-but-not-insured exclusion applied, and if he did not own the vehicle, then the not-owned-but-insured exclusion applied. The Klines timely appealed to the Court of Appeals.
In a memorandum opinion, the Court of Appeals reversed the decision of the district court granting summary judgment in favor of Farmers and remanded the cause for further proceedings.[1] The Court of Appeals first concluded that the ownedbut-not-insured exclusion was inapplicable because Blade, not David, owned the Suburban. As to the not-owned-but-insured exclusion, the Court of Appeals agreed with the district court that the language "this coverage" was not ambiguous. However, the Court of Appeals held that the not-owned-but-insured exclusion violated public policy in circumstances such as the Klines, where the nonowned vehicle's underinsured coverage limits are less than the UIM coverage on the insured's own vehicle.
We granted Farmers' petition for further review of the Court of Appeals' decision. *123 The Klines did not file a cross-petition for further review, but instead filed a brief with a cross-appeal.

III. ASSIGNMENTS OF ERROR
Farmers alleges the Court of Appeals erred in (1) holding that the not-owned-but-insured exclusion is void as against public policy under Nebraska's Uninsured and Underinsured Motorist Insurance Coverage Act (UUMICA)[2] and (2) concluding as a matter of law that Blade owns the Suburban.
The Klines filed a brief for cross-appeal on further review, alleging the Court of Appeals erred in concluding that the language "this coverage" in the not-owned-but-insured exclusion was not ambiguous as to whether it refers to the type of coverage or the amount of coverage. The Klines also argue that the Court of Appeals' statement that public policy would only be violated when the excluded UIM coverage was greater than the amount of UIM coverage provided under another policy was an improperly narrow interpretation of the UIM statutes.

IV. STANDARD OF REVIEW
[1] The interpretation and construction of an insurance contract or policy involve questions of law, in connection with which an appellate court has an obligation to reach its conclusions independent of the determinations made by the court below.[3]
[2] In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.[4]

V. ANALYSIS

1. CROSS-APPEAL ON FURTHER REVIEW
First, we address whether the Klines properly perfected their cross-appeal from the Court of Appeals' decision. Farmers asserts that the Klines are precluded from cross-appealing because they failed to file a cross-petition for further review. This argument is without merit. Neb. Ct. R.App. P. § 2-102(H) provides that each party may file additional briefs in compliance with Neb. Ct. R.App. P. § 2-109 when further review is granted. Section 2-109 allows appellees to file a cross-appeal by noting on the cover of their brief "Brief on Cross-Appeal." This is exactly what the Klines did. Further, we note that the Klines were successful in the Court of Appeals; therefore, they had no reason to file a petition for further review. However, once Farmers filed a petition for further review, the only way for the Klines to preserve any errors would be to file a cross-appeal. As such, we conclude that the Klines properly perfected their cross-appeal on further review by complying with our court rules. We turn now to the exclusions in issue.

2. EXCLUSIONS

(a) Not-Owned-But-Insured Exclusion and § 44-6413
The Court of Appeals held that the not-owned-but-insured exclusion was void for public policy reasons. But Farmers maintains that the not-owned-but-insured exclusion is consistent with the purpose of the UUMICA. The not-owned-but-insured exclusion *124 provides that its UIM coverage does not apply if the injured person sustains bodily injury while occupying a vehicle that person does not own, and such vehicle is insured for "this coverage" under another insurance policy.
David was injured by an underinsured motor vehicle as defined by the UUMICA. The UUMICA defines an underinsured motor vehicle as a "motor vehicle with respect to the ownership, operation, maintenance, or use of which there is bodily injury liability insurance ... applicable at the time of the accident and the amount of the insurance ... is less than ... the damages for bodily injury, sickness, disease, or death sustained by the insured."[5] UIM coverage has been defined as "first party coverage that affords compensation for injured persons whenever a tortfeasor is inadequately insured."[6]
[3] Although the Klines and Farmers contracted for UIM coverage higher than the coverage limits mandated by the UUMICA, the protections of the UUMICA are still applicable. The UUMICA requires that any liability policy insuring against bodily injury, sickness, disease, or death sustained by a person arising out of the ownership, operation, maintenance, or use of a motor vehicle must provide UIM coverage in limits of $25,000 per person and $50,000 per accident.[7] Under § 44-6408(2), if an insured requests higher UIM limits, the insurer must provide UIM coverage limits of at least $100,000 per person and $300,000 per accident. Section 44-6408(2) does not prevent insurers from entering into agreements with insureds providing more UIM coverage limits than those required by § 44-6408(2).[8]
[4, 5] We have explained that insurers may provide insurance policies with more favorable terms and conditions than are required by the UUMICA, but insurers are prohibited from issuing policies that carry terms and conditions less favorable to the insured than those provided by the UUMICA.[9] As such, an insurer that provides higher UIM limits than are required by § 44-6408(2) does not thereby escape the minimum requirements of the UUMICA.[10] Likewise, an insured who pays for higher coverage does not forfeit the protections of the UUMICA.[11]
[6] Section 44-6413 of the UUMICA contains certain allowable exclusions from UIM coverage. Unless one of the exclusions set forth in § 44-6413 applies, an insured is entitled to recover for injuries sustained in any accident, so long as the injuries were caused by an "[u]ninsured motor vehicle"[12] or an "[u]nderinsured motor vehicle."[13] In other words, the exclusions provided by the UUMICA in § 44-6413 are the only exceptions permitted *125 to the coverage mandated by the UUMICA.[14]
The allowable exclusions contained in § 44-6413 provide that coverage under the UUMICA shall not apply when the bodily injury occurs (1) while the "insured" is occupying a motor vehicle owned by, but not insured by, the "named insured"; (2) while the insured is occupying an owned motor vehicle that is used as a public conveyance; (3) where the insured is struck by a vehicle owned by the named insured or a spouse or a relative residing with the named insured; or (4) where the statute of limitations has run on the claim. Section 44-6413 does not set forth an exception for vehicles not owned by the insured, but that are insured for "this coverage" under another policy.
[7] Farmers fails to explain, and we cannot determine, how the not-owned-but-insured exclusion fits into one of the allowable exclusions. Accordingly, the not-owned-but-insured exclusion is an unsuccessful attempt by Farmers to broaden the allowable exclusions contained in § 44-6413 and provide less favorable UIM coverage than allowed by our UIM statutes.[15] As written, the not-owned-but-insured exclusion would prevent a victim from recovering UIM benefits even in a situation where the victim has only received UIM benefits in the minimum amount of $25,000. And, under the exclusion, an insured would be more adequately protected from tort-feasors in a vehicle with no UIM coverage. This is clearly not what the Legislature intended when it enacted the UUMICA.
When the Legislature enacted the UUMICA, it clearly did not contemplate the not-owned-but-insured exclusion. Nebraska's stacking statute is codified within the UUMICA at § 44-6411. Section 44-6411 provides that when an insured has the right to recover under multiple uninsured or UIM motorist policies, the insured's maximum recovery is limited to the highest limit of any one of the applicable policies and sets forth the priorities of the claims. Clearly, the Legislature considered that some insureds may have multiple uninsured or UIM policies, and so long as the insured's maximum recovery was limited to the highest limit of any one of the applicable policies, recovery above the mandatory limits in § 44-6408 is allowable.
In the present case, the Klines paid an extra premium to Farmers for UIM benefits up to $500,000 in the event they were injured by the actions of an underinsured motorist. Now, David has been injured and has been placed in a position where, in order to be made as nearly whole as possible, he may need to utilize part of the underinsured benefits he paid and contracted for with Farmers. Farmers now attempts to deny payment under the not-owned-but-insured exclusion. But Farmers cannot avoid payment under the not-owned-but-insured exclusion because the not-owned-but-insured exclusion, as written, contravenes the UUMICA. This result supports the public policy concerns and purpose of the UUMICA.
[8, 9] We have explained that the purpose of the UUMICA is to provide a means whereby victims of less than adequately insured motorists are made as nearly whole as possible.[16] And we must construe the provisions of the UUMICA *126 liberally to accomplish the indicated legislative purpose.[17] Under the not-owned-but-insured exclusion, victims are prevented from being made as nearly whole as possible. To hold as Farmers suggests would stymie the intended purpose of the UUMICA, and such a result would be inconsistent with the conclusions of other jurisdictions that have considered the enforceability of exclusions similar or identical to the not-owned-but-insured exclusion.
Other jurisdictions have concluded that exclusions similar or identical to the not-owned-but-insured exclusion violate public policy when interpreted to disallow an insured from recovering UIM benefits if the insured is injured while occupying a vehicle in which he or she does not own and which is insured for UIM coverage under another policy.[18]
For example, in Veach v. Farmers Ins. Co.,[19] Greg Veach was injured by an underinsured motorist while riding his motorcycle. Veach received payment for his injuries from both the other motorist and his own insurance policy, totaling $125,000.[20] Veach was also an "insured" under his mother's insurance policy with Farmers Insurance Group of Companies from which he sought payment.[21] His mother's UIM policy limit with that insurance company was $50,000 per person, per occurrence.[22] The insurance policy contained an exclusion identical to the not-owned-but-insured exclusion in the present case, and the company denied payment.[23] The Iowa Supreme Court concluded that the exclusion was void because it "frustrates the purpose of the [UIM] coverage and because it is contrary to `common sense and the consuming public's general understanding of coverage under these circumstances.'"[24] In so concluding, the Iowa Supreme Court reasoned that such an exclusion creates a situation where an insured is more protected in a vehicle with no UIM coverage than one with the statutory minimum.
Similarly, in Estate of Sinn v. Mid-Century Ins. Co.,[25] the Fifth District Appellate Court of Illinois held that exclusions intended to prevent UIM coverage when the policyholder occupies a vehicle he or she does not own were void for public policy reasons. In Estate of Sinn, the insured victim's policy contained the same not-owned-but-insured exclusion. In concluding that the exclusion was void, the court reasoned that as the exclusion was written, "it could operate to deprive the insured of the full coverage provided in his policy should the other, nonowned vehicle have underinsured motorist coverage in a lesser amount than that provided in the insured's policy."[26] Additionally, the court noted that because the purpose of UIM coverage was to place the insured in the *127 same position he or she would have been in if the tort-feasor had carried adequate insurance, such an exclusion violated public policy.[27]
Considering the public policy concerns, we conclude that the not-owned-but-insured exclusion, in the context of UIM coverage, contravenes the UUMICA and is, therefore, void.

(b) Klines' Cross-Appeal on Further Review
The Klines argue in their cross-appeal on further review that if we conclude that the not-owned-but-insured exclusion is permissible, it is still inapplicable because "this coverage," as it is used in the not-owned-but-insured exclusion, is ambiguous in that it could refer to the type of coverage, i.e., UIM coverage, or the amount of coverage, i.e., policy limits. Because we concluded that the not-owned-but-insured exclusion violates public policy and § 44-6413, we do not reach the Klines' assignment of error on cross-appeal.[28]

(c) Owned-But-Not-Insured Exclusion
Next, Farmers asserts that the Court of Appeals erred in holding that, as a matter of law, the owned-but-not-insured exclusion did not apply. Farmers argues that even if the not-owned-but-insured exclusion is void, there remains a material issue of fact whether coverage is precluded by the owned-but-not-insured exclusion. The owned-but-not-insured exclusion applies to vehicles "owned by you or a family member." The parties do not argue that this provision is ambiguous but dispute whether the Suburban was "owned by" David or any members of his family. The Court of Appeals concluded that the owned-but-not-insured exclusion did not apply, because it determined that there was no material issue of fact that Blade owned the Suburban. We agree.
In its brief, Farmers maintains that it did not concede the issue of who actually owned the Suburban, but was only arguing that Blade owned the vehicle as part of its alternative argument that the not-owned-but-insured exclusion applied. In its argument concerning the owned-but-not-insured exclusion, Farmers alleged that David, and not Blade, owned the Suburban. Farmers did not present any evidence as to the ownership of the vehicle. The district court was correct that, assuming both exclusions were valid, the issue of who owned the vehicle was immaterial, because, either way, coverage was excluded. But because the not-owned-but-insured exclusion is not a valid provision, the ownership of the vehicle is now a material issue of fact.
[10-12] The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law.[29] A prima facie case for summary judgment is shown by producing enough evidence to demonstrate that the movant is entitled to a judgment in its favor if the evidence were uncontroverted at trial.[30] After the movant for summary judgment makes a prima facie case by producing enough evidence to demonstrate that the movant is entitled to judgment if the evidence was *128 uncontroverted at trial, the burden to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law shifts to the party opposing the motion.[31]
Farmers moved for summary judgment. As to the owned-but-not-insured exclusion, Farmers thus bore the burden to show that there was no issue of material fact as to whether the Suburban was a "vehicle owned by you or a family member." It clearly did not sustain that burden. And the Klines, in response to Farmers' allegations in its motion for summary judgment, provided ample evidence to show that Blade was the owner of the Suburban. An agent with American Family testified by affidavit that American Family "issued a policy of insurance to Blade ... insuring a 1985 GMC Suburban." Further, the Suburban was titled in the name of Blade. Although Farmers argues that the issue of who owns the Suburban has not been conceded, viewing the evidence presented, we can only conclude that Blade is the owner of the Suburban. By not presenting any evidence that would put the ownership of the vehicle into controversy, Farmers took the risk that the not-owned-but-insured exclusion would be held void and that the ownership question would be decided against it in its motion for summary judgment.
Thus, reviewing the evidence in the light most favorable to the nonmoving party, we agree with the Court of Appeals that Farmers did not meet its burden for summary judgment to show the Suburban was owned by David, rather than Blade. As such, the Court of Appeals was correct in holding that there was no material issue of fact that the owned-but-not-insured exclusion does not apply.

VI. CONCLUSION
We conclude that the not-owned-but-insured exclusion violates the UUMICA. Therefore, we affirm the decision of the Court of Appeals, which reversed the district court's entry of summary judgment in favor of Farmers and remanded the cause for further proceedings.
Affirmed.
NOTES
[1] Kline v. Farmers Ins. Exch., No. A-07-325, 2008 WL 2388768 (Neb.App. June 10, 2008) (selected for posting to court Web site).
[2] Neb.Rev.Stat. §§ 44-6401 to 44-6414 (Reissue 2004).
[3] Hood v. AAA Motor Club Ins. Assn., 259 Neb. 63, 607 N.W.2d 814 (2000).
[4] Jones v. Shelter Mut. Ins. Cos., 274 Neb. 186, 738 N.W.2d 840 (2007); Johnson v. Knox Cty. Partnership, 273 Neb. 123, 728 N.W.2d 101 (2007).
[5] § 44-6406.
[6] 2 Alan L. Widiss & Jeffrey E. Thomas, Uninsured and Underinsured Motorist Insurance § 31.4 at 5 (rev.3d ed. 2005). Accord Anderson v. MSI Preferred Ins. Co., 281 Wis.2d 66, 697 N.W.2d 73 (2005).
[7] § 44-6408(1).
[8] See Steffen v. Progressive Northern Ins. Co., 276 Neb. 378, 754 N.W.2d 730 (2008). See, also, Van Ert v. State Farm Mut. Auto. Ins. Co., 276 Neb. 908, 758 N.W.2d 36 (2008).
[9] See, Van Ert v. State Farm Mut. Auto. Ins. Co., supra note 8; Steffen v. Progressive Northern Ins. Co., supra note 8.
[10] See id.
[11] See id.
[12] § 44-6405. See, also, § 44-6407.
[13] § 44-6406. See, also, § 44-6407.
[14] Steffen v. Progressive Northern Ins. Co., supra note 8.
[15] See 46A C.J.S. Insurance § 2242 (2007).
[16] Ostransky v. State Farm Ins. Co., 252 Neb. 833, 566 N.W.2d 399 (1997); Luedke v. United Fire & Cas. Co., 252 Neb. 182, 561 N.W.2d 206 (1997).
[17] See Austin v. State Farm Mut. Auto. Ins. Co., 261 Neb. 697, 625 N.W.2d 213 (2001).
[18] Veach v. Farmers Ins. Co., 460 N.W.2d 845 (Iowa 1990); Estate of Sinn v. Mid-Century Ins. Co., 288 Ill.App.3d 193, 223 Ill.Dec. 419, 679 N.E.2d 870 (1997); Erickson v. Farmers Ins. Co. of Oregon, 331 Or. 681, 21 P.3d 90 (2001). See 2 Irvin E. Schermer & William J. Schermer, Automobile Liability Insurance § 25:10 (4th ed. 2004).
[19] Veach v. Farmers Ins. Co., supra note 18.
[20] Id.
[21] Id.
[22] Id.
[23] Id.
[24] Id. at 848.
[25] Estate of Sinn v. Mid-Century Ins. Co., supra note 18.
[26] Id. at 196, 679 N.E.2d at 872, 223 Ill.Dec. at 421.
[27] Estate of Sinn v. Mid-Century Ins. Co., supra note 18.
[28] See, Nielsen v. Nielsen, 275 Neb. 810, 749 N.W.2d 485 (2008); Domjan v. Faith Regional Health Servs., 273 Neb. 877, 735 N.W.2d 355 (2007).
[29] Hofferber v. City of Hastings, 275 Neb. 503, 747 N.W.2d 389 (2008).
[30] Controlled Environ. Constr. v. Key Indus. Refrig., 266 Neb. 927, 670 N.W.2d 771 (2003).
[31] Misle v. HJA, Inc., 267 Neb. 375, 674 N.W.2d 257 (2004).